On May 18, 1976, D.R. and Irene Brooks executed a promissory note for $50,000.00 to Peoples National Bank of Huntsville. The Brookses gave the Bank a mortgage on a tract of land as collateral for the note. The note was due eighteen months later. The Brookses, in turn, loaned the money to their son's corporation, DB, Inc. DB, Inc. became insolvent.
On November 4, 1977, the Brookses brought an action against the Peoples Bank for fraud in the inducement of the execution of the note and the mortgage. The Brookses alleged that the Bank's agents misrepresented that the business operations of DB, Inc. were improving and prospects for profits were favorable. The Brookses further alleged that the Bank's agents represented that the loan to DB, Inc. would be used for future operating expenses. Instead, according to the Brookses, the Bank used the sums for their own benefit by reducing an existing indebtedness of DB, Inc. to the Bank.
On November 18, 1977, while the action by the Brookses was pending and before the Bank answered the complaint, the Brookses defaulted on the note. The action went to trial and the court entered a judgment against them in October, 1979. Peoples National Bank did not file a counterclaim against the Brookses for default on the promissory note at any stage in the litigation.
On February 6, 1980, Peoples Bank filed an action against D.R. and Irene Brooks for payment of the promissory note. The Brookses asserted as an affirmative defense *Page 919 
the failure of the Bank to assert the breach on the note as a compulsory counterclaim in the prior lawsuit. The trial court granted a motion for summary judgment made by the Bank.
The Peoples National Bank began foreclosure proceedings, but were stopped by an injunction granted the appellants. The parties entered into a stipulation agreement for a consent judgment, reserving the trial court's ruling on the motion for summary judgment and the denial of a permanent injunction for appeal. We affirm.
The issue raised on appeal is whether a claim for default on a note and foreclosure of a mortgage is a compulsory counterclaim in an action for fraud in the inducement of the execution of the note.
A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." ARCP 13 (a). Several tests are used by the courts to determine whether the claim arose from the same transaction or occurrence.
 (1) The issues of fact and law raised by the claim and the counterclaim are the same.
 (2) Res judicata — would a subsequent suit on the claim be barred absent the compulsory counterclaim rule?
 (3) Substantially the same evidence will support or refute the claim and the counterclaim.
 (4) There is a logical relationship between the claim and the counterclaim.
See Lyons, Alabama Practice, § 13.6 (1973), 6 Wright Miller,Federal Practice Procedure, § 1410 (1971).
While this Court has never specifically adopted a test for determining whether a counterclaim is compulsory, the Committee Comments indicate that it was the intent of the drafters of the rules to adopt the "logical relationship" test. The Committee Comments to Rule 13 state that "[a] counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim."
The Court of Civil Appeals adopted the logical relationship test in O'Donohue v. Citizens Bank, 350 So.2d 1049
(Ala.Civ.App. 1977). The logical relationship test denominates a counterclaim as compulsory if (1) its trial in the original action would avoid a substantial duplication of effort or (2) the original claim and the counterclaim arose out of the same aggregate core of operative facts. The claims arise from the same core of operative facts if (1) the facts taken as a whole serve as the basis for both claims or (2) the sum total of facts upon which the original claim rests creates legal rights in a party which would otherwise remain dormant. Id., RevereCopper Brass, Inc. v. Aetna Casualty and Surety Co.,426 F.2d 709 (5th Cir. 1970).
Clearly, in the present action, the claim for fraud in the inducement and the claim for default on the note alleged to have been fraudulently induced are logically related.
This Court, in a similar case, held that in an action on a note, a counterclaim seeking damages for breach of an indemnification agreement executed contemporaneously with the note was a compulsory counterclaim. Redmond v. Harrelson,355 So.2d 356 (Ala. 1978). Furthermore, the majority position in federal courts is that a creditor's claim for default on a debt is a compulsory counterclaim in an action under the Truth-in-Lending laws. See Plant v. Blazer Financial Services,Inc. of Georgia, 598 F.2d 1357 (5th Cir. 1979); Carter v.Public Finance Corp., 73 F.R.D. 488 (N.D.Ala. 1977).
The rationale of these cases is applicable to the present situation. The rule on compulsory counterclaims should receive a "broad realistic interpretation in light of the interest of avoiding a multiplicity of suits." Id. The action arises out of an allegedly single, continuous loan transaction. The evidence necessary to prove each overlaps, and the facts, taken as a whole, serve as a basis for both claims. Furthermore, the claim for fraud is an affirmative defense in an action for default. In sum, judicial economy would be served by a single discovery and presentation of the facts. *Page 920 
The Peoples Bank argues that although the complaint alleged fraud in the inducement in the execution of the note, if this Court examines all of the evidence presented at trial in the first action, it will be clear that there were two separate transactions and thus, the counterclaim is not compulsory. Nevertheless, the time for determining whether a counterclaim exists is at the time the counterclaimant must serve an answer.Stahl v. Ohio River Co., 424 F.2d 52 (3d Cir. 1970). The pleader does not waive his right to assert a counterclaim which accrues after serving the pleading. A counterclaim that matures after the pleading or which is omitted for some reason may, with permission of the court, be presented by amendment or supplemental pleading. ARCP 13 (e) and (f). It would be inconsistent with the purposes of the rule to permit a party to wait until after discovery and presentation of the evidence to determine whether he or she should assert a compulsory counterclaim.
In general, failure to assert a compulsory counterclaim bars the assertion of that claim in another action. See Redmond v.Harrelson, 355 So.2d 356 (Ala. 1978); ARCP 13, Committee Comments. In the present case, however, the Brookses may not assert the compulsory counterclaim rule to bar the Bank's action. The only evidence presented in this case is in the pleadings and an affidavit presented by the Bank. In the affidavit, it is stated:
 In order to keep the issues simple and not to confuse the issues, the parties entered into an agreement and stipulation [in the Brookses' action for fraud] in effect conforming the mortgage by correcting the description and in consideration of the same, the defendant, Peoples, agreed to hold off on any judicial or non-judicial foreclosure or any suit to collect on the note until the fraud suit arising out of the loan by the Brookses to their son and DB, Inc. was disposed of.
The affidavit is uncontroverted. A party in a pending suit may be precluded from assuming a position inconsistent with a position taken in another judicial proceeding. United SecurityLife Insurance Co. v. Birmingham Trust National Bank, 282 Ala. 295, 211 So.2d 139 (1968). It would be contrary to principles of equity and good conscience to permit the Brookses to assume a new position in this action, arguing that the Bank is precluded from asserting a claim for default on the note. SeeDraughon v. General Finance Credit Corp., 362 So.2d 880 (Ala. 1978).
The counterclaim rule is based on the equitable principle of collateral estoppel. ARCP 13, Committee Comments. The principle bars parties in a subsequent proceeding from asserting any matter which might or ought to have been litigated in a prior proceeding. Id. (citing A.B.C. Truck Lines, Inc. v. Kenemer,247 Ala. 543, 25 So.2d 511 (1946)). But the principle of collateral estoppel will not bar assertion of a claim which the parties agreed to leave to a subsequent proceeding.
The judgment of the trial court is affirmed.
AFFIRMED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.