L. CHARLES WRIGHT, Retired Appellate Judge.
This case was tried to a jury upon a complaint filed by the Hardys as plaintiffs against Goldome Credit Corporation (Gol- *1228 dome). The first claim alleged that the signatures to a mortgage upon real property were either forged or were not executed before a notary public as required by law; that the mortgage had been assigned to Goldome and subsequently foreclosed by Goldome; that the mortgage was thus invalid and the foreclosure was due to be set aside.
The second claim alleged fraud in that Goldome represented to the Hardys that certain defects and unfinished work in the house built for them and to be financed by Goldome would be completed. It further alleged that the Hardys relied upon the representation, signed an acceptance to the house and moved into it. The representation was material and false and was made with intent to deceive.
After extensive evidence and denial of directed verdict to Goldome, the case was submitted to the jury. In response to an interrogatory submitted by the court, the jury answered that the mortgage from the Hardys to Hammer Construction Company and assigned by them to Goldome was not acknowledged before the notary. The jury rendered a verdict on the fraud claim in favor of the Hardys and granted damages in the amount of $5,000. The court entered judgment according to the verdict. It also found the mortgage to be invalid and set aside a foreclosure previously held. Post-trial motions for judgment notwithstanding the verdict and for a new trial were denied by operation of Rule 59.1, A.R.Civ.P. Gol-dome appealed.
Goldome first submits two related issues. It contends that the Hardys were not entitled to relief from the mortgage without restoring the consideration received, presumably referring to the property. Gol-dome also contends that if the mortgage is to be declared invalid and the foreclosure set aside, there should be declared an equitable mortgage on the property in favor of Goldome.
We have carefully studied all of the pleadings and the transcript of the evidence. We have found no pleading or reference therein, including the court’s charge to the jury, to either of Goldome’s contentions. There was no counter-claim for equitable relief. There is no reference to the contentions even in the post-trial motion. The first indication of them appears in the notice of appeal where it is stated that equitable relief is to be sought.
This court cannot render equitable relief not sought in the trial court. An appellate court ordinarily can only review the decisions and rulings of the trial court. City of Rainbow City v. Ramsey, 417 So.2d 172 (Ala.1982). We review a case only upon the theory under which it was tried. Kent v. Sims, 460 So.2d 144 (Ala. 1984); Chatman v. City of Prichard, 431 So.2d 532 (Ala.1983). The request for affirmative equitable relief from this court comes too late.
Goldome’s third issue contends that the Hardys failed to produce evidence of all the elements of fraudulent misrepresentation. Claim four charged that agents of Goldome represented to plaintiffs that all building defects in the house would be completed and repaired before the purchase of the house would be closed; that the representations were made to induce plaintiffs to move into the house; that they were false and made with the intent to deceive.
The evidence produced by plaintiffs may be stated briefly as follows: In June of 1983, the Hardys contracted with Hammer Construction Company to construct them a home and arrange for the financing of the purchase. Hammer built the house and arranged with Goldome to finance the entire deal. In August, a representative of Goldome met with the Hardys for the completion of paperwork on the financing. It was shown to the agent of Goldome that there were certain defects and unfinished work on the house. The agent viewed the house and told the Hardys that they could move in if they signed a certificate of acceptance. He stated that all defects and work would be completed and all subcontractors paid before the first payment was due in October.
Some work was subsequently done, but in the meantime, Hammer Construction Company went broke. Subcontractors be *1229 gan to call the Hardys for their unpaid bills. Some filed liens. The Hardys called Goldome, informing them of the unpaid workmen and the continuing defects. Some reassurance was again given by Gol-dome that the work would be completed. The October payment was not made by the Hardys. Goldome threatened foreclosure of the mortgage. The Hardys moved out of the house in November 1983. The defects remained. Goldome foreclosed and purchased at the sale. The Hardys acknowledged signing various papers at different times, but denied knowing they had signed a mortgage or the disclosure statements for completion of the purchase of the home. As herein previously noted, the court, with advice of the jury, found the mortgage invalid for failure of proper ac-knowledgement.
Of course, much of the evidence of the Hardys we have related was denied by Goldome. It is the contention of Goldome that the evidence falls short of establishing fraud because the alleged misrepresentation was not of an existing material fact, but rather was as to the performance of a future act.
We are inclined to agree that if a promise or representation was made by Goldome to the Hardys, it was a promise to perform an act in the future. However, such a promise may still be actionable as fraud.
“For a promise to perform an act in the future to constitute fraud, there must be an intent not to perform the promise at the time it is made.” McIntyre Elec. Service v. SouthTrust Bank, 495 So.2d 1043, 1045 (Ala.1986). It has been said that mere failure to perform a promised act is not in itself evidence of intent to deceive at the time the promise was made. If it were, a mere breach of a contract would constitute fraud. P & S Business v. South Cent. Bell Telephone, 466 So.2d 928 (Ala.1985). Therefore, in order for such a fraud claim to be submitted to a jury, there must be proof of more than just failure to perform. There must be evidence, circumstantial or otherwise, from which a jury may reasonably infer that the defendant, at the time of the promise, had no intention of ever performing. P & S Business, supra; Clanton v. Bains Oil Co., 417 So.2d 149 (Ala. 1982); Old Southern Life Ins. Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976).
Our review of the evidence of events occurring between the Hardys and representatives of Goldome, such as numerous efforts by Mrs. Hardy to contact Goldome by long distance phone in Birmingham and some reassurance that there would be performance, convinces us that there was a sufficient scintilla from which the jury could infer absence of intent to perform. The presence of such a scintilla of evidence prevents a finding of error in the trial court denying Goldome's motion for a directed verdict and the subsequent post-trial motions. A.T.F. Trucking Co. v. Fisher Bros. Sales, 498 So.2d 846 (Ala.Civ.App. 1986); Ex parte Bennett, 426 So.2d 832 (Ala.1982).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.