PER CURIAM.
In this case, we must decide whether under Georgia law a counterclaim, alleging misrepresentation in the inducement of a conveyance of real estate, is permissive or compulsory in a deficiency action after a foreclosure, where the grantor/guarantor was led to believe that the grantee/creditor would not foreclose if the conveyance was made. We hold that such a counterclaim is compulsory under Georgia law, and we affirm the judgment of the Lee County Circuit Court.
The facts, as agreed upon by the parties for purposes of this appeal, are as follows:
In July 1983, CPIT, Inc., a Georgia corporation, obtained a loan from the appellee, First Federal Savings and Loan Association of Warner Robins, in the amount of $3,500,000 and used the proceeds in the construction of a condominium project in Gwinnett County, Georgia. Appellant Charles Weissinger and other CPIT shareholders executed personal guaranty agreements as security for the loan.
Almost immediately, CPIT experienced numerous difficulties with the project, which required it to incur greater construction expenses than it had originally anticipated. By November 1984, these expenses exceeded the maximum revolving loan amount, and CPIT was in default.
*235 In an effort to cure the default, Weis-singer, on behalf of CPIT, entered into what he believed was a binding oral agreement with First Federal in January 1985. First Federal allegedly represented that it would increase the loan commitment to CPIT by $1,000,000 and extend the time for repayment by two years, in exchange for fee simple title to 14 houses in Lee County, Alabama, owned by Weissinger. Weissinger conveyed the title, but First Federal foreclosed, nonetheless, without increasing the amount of committed funds or extending the time for repayment.
The foreclosure proceedings resulted in a large deficiency, and First Federal, to collect that deficiency, sued Weissinger and other guarantors in the Superior Court of Fulton County, Georgia. Weissinger’s affirmative defense was that First Federal’s “promise” was an intentional, reckless, or negligent misrepresentation that enabled First Federal to wrest from him title to the houses without giving any consideration therefor. His affidavit setting forth the factual allegations pertinent to this defense, however, was struck, on First Federal’s motion, as not timely filed. The superi- or court entered summary judgment in favor of First Federal for the amount of the deficiency and noted that even if Weissinger’s affidavit had been timely filed, the allegations therein, as a matter of law, did not establish a defense to First Federal’s action.
The present action was commenced by First Federal in the Circuit Court of Lee County, Alabama, to enforce the Georgia deficiency judgment against Weissinger. Weissinger again attempted to allege that First Federal’s “promise” was a misrepresentation, this time in a counterclaim. As to that counterclaim, First Federal moved for judgment on the pleadings under Rule 12(c), A.R.Civ.P., contending that the counterclaim was compulsory in the Georgia action and therefore was barred because it had not been raised in that action. The court granted the judgment on the pleadings and certified that judgment as final, pursuant to A.R.Civ.P. 54(b). This appeal is from that judgment.
The circuit court granted First Federal's motion after considering the “arguments and briefs submitted by the parties.” Each party’s brief had appended to it an affidavit that presented facts not contained in the pleadings, and it is apparent that the court considered these facts in reaching its decision. When the court considers matters outside the pleadings, it must convert the motion to one for summary judgment under Rule 56. A.R.Civ.P. 12(c); Tucker v. Garrett, 361 So.2d 374 (Ala.Civ.App.1978). If, under such circumstances, the trial court fails to make the conversion, this Court will nevertheless review the ruling as though it had been on a motion for summary judgment. Boles v. Blackstock, 484 So.2d 1077 (Ala.1986).
Therefore, although the parties and the court denominated First Federal’s motion as one for judgment on the pleadings, we will review the ruling as if it had been on a motion for summary judgment.
The pleadings and the briefs reveal no material fact disputed by the parties. The sole question is whether Weissinger’s counterclaim was permissive or compulsory in the Georgia action.
“The Constitution of the United States, Article IV, Section 1, requires that ‘full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.’ The judgment of the court of another state having jurisdiction of the subject matter and persons is entitled to full faith and credit in Alabama courts. Hester v. Clinic Masters, Inc., 371 So.2d 915 (Ala.Civ.App.1979), cert, denied, 371 So.2d 917 (Ala.1979). The validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered. Forbes v. Davis, 187 Ala. 71, 65 So. 516 (1914).”
Morse v. Morse, 394 So.2d 950, 951 (Ala. 1981). If the counterclaim that appellant seeks to assert in the Alabama action to enforce the Georgia judgment arose out of the same transaction or occurrence that gave rise to the deficiency claim, then it was a compulsory counterclaim under Georgia law. Ga.Code Ann. § 9-ll-13(a) *236 (1982). Because the claim was not asserted in the Georgia deficiency action, Georgia would not permit it to be asserted later. P & J Truck Lines v. Canal Ins. Co., 148 Ga.App. 3, 251 S.E.2d 72 (1978). If the claim would be barred under Georgia law, then the “full faith and credit” clause compels us to treat the claim as barred in the later Alabama action.
Under Georgia law, in order for a counterclaim to be compulsory, it must arise “out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” Ga.Code Ann. § 9-ll-13(a) (1982). “Transaction” is a flexible word, to be construed broadly, and includes a series of occurrences logically related, though not necessarily close in time. Myers v. United Services Auto. Ass’n, 130 Ga.App. 357, 360, 203 S.E.2d 304, 306 (1973). When a transaction gives rise to a claim that must be pleaded and litigated as a compulsory counterclaim, the failure to plead and litigate the claim as a compulsory counterclaim erects the bar of res judicata to an assertion of the claim in a separate subsequent action. Idowu v. Lester, 176 Ga. App. 713, 337 S.E.2d 386 (1985); First Federal Sav. & Loan Ass’n of Detroit v. I.T.S. R.E., Ltd., 159 Ga.App. 861, 285 S.E.2d 593 (1981). Georgia, like Alabama, employs the “logical relationship” approach in determining whether a counterclaim is compulsory; briefly stated, if there exists a “logical relationship” between the claims of opposing parties and those claims arose from the same transaction, then the counterclaim is compulsory. Compare P & J Truck Lines v. Canal Ins. Co., 148 Ga.App. 3, 251 S.E. 2d 72 (1978), with Brooks v. Peoples Nat’l Bank of Huntsville, 414 So.2d 917 (Ala. 1982).
In First Federal Sav. & Loan Ass’n v. I.T.S.R.E., Ltd., supra, First Federal sued an investment group for fraudulently obtaining a loan. The investment group argued that res judicata barred the claim, maintaining that the claim should have been asserted as a compulsory counterclaim in a prior action in a federal district court brought by the investment group against First Federal. This prior lawsuit involved the group’s claim that First Federal was guilty of foreclosing on the mortgage securing the same loan involved in the second suit in a “racially motivated” fashion in violation of the Fair Housing Act. Although First Federal prevailed in the federal court, its fraud action in state court was “quite clearly” a claim that should have been asserted as a compulsory counterclaim in the prior suit. Summary judgment against First Federal was therefore appropriate.
We think that the facts of First Federal are analogous to the facts in the case at bar. We also think that Brooks v. Peoples National Bank of Huntsville, 414 So.2d 917 (Ala.1982), is highly persuasive, especially in light of the fact that Georgia employs the same “logical relationship” test as Alabama. In Brooks, a bank sued Mr. and Mrs. Brooks to collect on a promissory note on which they were in default. The Brookses had lost in an earlier action against the bank for fraud in the inducement of the execution of the note, and contended that the bank’s suit on the note should have been brought as a compulsory counterclaim in that action.
We agreed that the counterclaim was compulsory, stating:
“Clearly, in the present action, the claim for fraud in the inducement and the claim for default on the note alleged to have been fraudulently induced are logically related.
[[Image here]]
“The rule on compulsory counterclaims should receive a ‘broad realistic interpretation in light of the interest of avoiding a multiplicity of suits.’ The action arises out of an allegedly single, continuous loan transaction. The evidence necessary to prove each overlaps, and the facts, taken as a whole, serve as a basis for both claims. Furthermore, the claim for fraud is an affirmative defense in an action for default. In sum, judicial economy would be served by a single discovery and presentation of the facts.”
414 So.2d at 919. (Citation omitted.)
As in Brooks, the original claim for the deficiency and the counterclaim for fraud *237 or misrepresentation in this case arise out of an allegedly single, continuous loan transaction. The evidence necessary to prove each overlaps. First Federal was required to show that the foreclosure was effected within the terms of the security agreement. Weissinger claimed that First Federal had promised to modify those terms so that foreclosure could not occur for at least two years. The facts, taken as a whole, thus serve as the basis for both claims, and the counterclaim is compulsory. Weissinger, therefore, is barred from raising it in this action.
Because Weissinger’s claim had to be asserted, if it all, as a counterclaim in the Georgia deficiency action, we hold that the trial court properly granted summary judgment in favor of First Federal.
Accordingly, the judgment of the Circuit Court of Lee County is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.