I agree that the domestic relations division of the Montgomery County Circuit Court had jurisdiction to hear a claim arising under § 30-3-110 et seq., Ala. Code 1975, as that court is the "family court division" of the Montgomery County Circuit Court under § 30-3-112. I also agree that the trial court erred in requiring the wife to file a separate action for relief under § 30-3-110 et seq., against the husband because Rule 13(a) and Rule 13(b), Ala.R.Civ.P., permit the wife to state as a counterclaim any claim against an opposing party, regardless of whether it arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim."[1] Because the wife unquestionably has the right to raise her counterclaim in this action, the conclusion that her counterclaim was "compulsory" as a matter of law is unnecessary to our decision to reverse, and I expressly disavow any reliance *Page 62 
upon that characterization in agreeing to the reversal.
Alabama caselaw imposes a harsh penalty upon litigants who fail to properly assert a compulsory counterclaim in the original proceeding — in general, such a failure "bars the assertion of that claim in another action." Brooks v. PeoplesNat'l Bank, 414 So.2d 917, 919 (Ala. 1982). In light of the relative novelty of the statutes relied upon by the wife, I am not willing to conclude that a retroactive child support claim is a compulsory counterclaim in a divorce action as a matter of law, regardless of the circumstances. I would defer making a definitive determination whether particular retroactive child support claims are compulsory or permissive until it is necessary for us to do so.
YATES and CRAWLEY, JJ., concur.
[1] Of course, merely because a counterclaim may be stated in a pleading does not necessarily bind a trial court to hear it in the particular manner a counterclaimant may prefer. Rules 21 and 42 vest trial judges with great discretion in how they choose to hear claims and issues raised by the parties to a civil action, and nothing in this concurring opinion should be construed to limit this discretion.