THOMAS, Judge.
*1155 The City of Montgomery ("the City") petitions this court for the writ of mandamus directing the Montgomery Circuit Court to grant the City's summary-judgment motion, in which the City argued that the circuit court lacked subject-matter jurisdiction over the action at issue. We deny the City's petition.
Background
On December 17, 2017, a vehicle ("the vehicle") in the possession of Richard Smith was seized after Richard was arrested for an offense regarding illegal drugs. On January 23, 2018, Richard's wife, Mellissa Smith, filed a petition in the circuit court seeking a return of the vehicle. In relevant part, Mellissa alleged that the vehicle was in the City's possession.
On March 19, 2018, the City filed a motion for a summary judgment, asserting that the vehicle had been seized by the federal Drug Enforcement Agency ("DEA") and was currently in the possession of the United States Marshals Service. The City further asserted that federal forfeiture proceedings regarding the vehicle had been initiated and that Richard and Mellissa had received notice of those proceedings on January 25, 2018; the City asserted that Mellissa had filed a "claim" with the DEA seeking a return of the vehicle. The City asked the circuit court for a
"judgment as a matter of law, or in the alternative, to dismiss this cause of action because the federal district court has original jurisdiction over the forfeiture action related to this vehicle and because [Mellissa] has been placed on notice and filed a claim with the federal government seeking return of the vehicle."
In support of its factual assertions, the City attached to its motion an affidavit of P.A. Hill, an employee of the Montgomery Police Department who, during the relevant times, had been "assigned to the Montgomery DEA HIDTA Task Force."
Mellissa filed a response in opposition to the City's motion, in which she also requested a summary judgment in her favor. In relevant part, Mellissa asserted that the vehicle had been seized by the Montgomery Police Department and that she had not received notice that it was in the federal government's possession until January 25, 2018, i.e., six weeks after it had been seized. She argued that, because the Montgomery Police Department had seized the vehicle, the City "should be responsible for returning [it]." Mellissa later supplemented many of the factual assertions set out in her response with an affidavit that she had executed and an affidavit executed by Richard.
On September 10, 2018, the circuit court entered an order denying the City's summary-judgment motion. On October 5, 2018, the City filed in this court a petition for the writ of mandamus directing the circuit court to grant its summary-judgment motion, arguing that the circuit court lacks subject-matter jurisdiction over Mellissa's action. Mellissa answered the petition, noting that portions of the City's petition indicate that its position is based on immunity grounds and that the City did not assert immunity as a basis for relief in its summary-judgment motion. She argues that we should not issue the writ of mandamus because the circuit court must have denied the City's summary-judgment motion because it determined that a genuine issue of material fact existed.
Analysis
Although the essence of the argument set out in the City's petition is that the circuit court lacks subject-matter jurisdiction *1156 over Mellissa's action, it initially frames its position as one based on immunity in an effort to explain why this court can review the circuit court's denial of the City's summary-judgment motion at this stage in the proceedings; the City cites as support Ex parte Kennedy, 992 So.2d 1276, 1280 (Ala. 2008). However, in addition to questions of immunity, a challenge to the trial court's subject-matter jurisdiction is also an exception to the general rule prohibiting mandamus review of the denial of a summary-judgment motion. As our supreme court stated in Ex parte Hampton, 189 So.3d 14, 16 (Ala. 2015) :
" ' "Subject to certain narrow exceptions ..., we have held that, because an 'adequate remedy' exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus." Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002).'
" Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 965-66 (Ala. 2011). The narrow exceptions when mandamus review is available include when the petitioner challenges the subject-matter jurisdiction of the trial court, Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala. 2007), or when the petitioner asserts immunity. Ex parte Alabama Peace Officers' Standards & Training Comm'n, 34 So.3d 1248 (Ala. 2009)."
This court can therefore consider the City's petition.
" 'A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only to compel the exercise of a trial court's discretion; it will not issue to control or to review a court's exercise of its discretion unless an abuse of discretion is shown. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala. 1989).'
" Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 851 (Ala. 1999)."
Ex parte Dozier, 170 So.3d 673, 675 (Ala. Civ. App. 2014).
In Green v. City of Montgomery, 55 So.3d 256, 259 (Ala. Civ. App. 2009), this court noted that actions regarding property seized by the federal government pursuant to 21 U.S.C. § 881 or by the state government pursuant to § 20-2-93, Ala. Code 1975, are in rem proceedings and that "two courts cannot have concurrent in rem jurisdiction[;] ... the first court to acquire in rem jurisdiction does so to the exclusion of all other courts."
" 'In rem jurisdiction' refers to the 'court's power to adjudicate the rights to a given piece of property, including the power to seize and hold it.' Black's Law Dictionary 982 (10th ed. 2014). A court obtains in rem jurisdiction when it validly seizes property so that it is brought within the control of the court. Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 85, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992). Judicial control of the res may be either actual or constructive. Id. at 87, 113 S.Ct. 554. '[T]hat court which first acquires [in rem ] jurisdiction draws to itself the exclusive authority to control and dispose of the res.' Ex parte Consolidated Graphite Corp., 221 Ala. 394, 397-98, 129 So. 262, 265 (1930)."
Little v. Gaston, 232 So.3d 231, 234 (Ala. Civ. App. 2017).
*1157 Green involved an action to recover money seized during a traffic stop. 55 So.3d at 257. We explained:
"The Montgomery Circuit Court obtained jurisdiction through the claimants' in rem action only if federal jurisdiction was not obtained first. Determining when federal jurisdiction attached will resolve who first acquired in rem jurisdiction. Although Alabama law requires a two-step process of possession and then the filing of an in rem court action, federal forfeiture is administrative and the second step is not required to obtain federal jurisdiction. So long as the state court has not exercised in rem jurisdiction, federal jurisdiction begins the moment the res is controlled by federal agents. See United States v. $506,231 in United States Currency, 125 F.3d 442 (7th Cir. 1997)."
Id. at 263.
In this case, it appears undisputed that the DEA took possession of the vehicle and that the vehicle is currently in the custody of the United States Marshals Service. However, there is a dispute regarding when the DEA took possession of the vehicle. The City contends that the DEA seized the vehicle at the time of Richard's arrest, which is supported by Hill's affidavit. Mellissa contends that the vehicle was seized by the Montgomery Police Department, which is supported by the portion of Richard's affidavit averring: "I was stopped and arrested by Officer Joseph Scott Dunn of the Montgomery Alabama Police Department (MPD). During my detainment, the only other officer on the scene was ... a male K9 officer of MPD to search the vehicle." Mellissa does not appear to contest the City's assertion that the DEA possessed the vehicle when she received notice on January 25, 2018, that federal forfeiture proceedings had been initiated. By that time, however, Mellissa had already filed her petition in the circuit court.
Thus, if the Montgomery Police Department possessed the vehicle at the time Mellissa initiated her action in the circuit court, the circuit court has jurisdiction over the action to the exclusion of the relevant federal court. Green, 55 So.3d at 259. If the DEA or some other federal agency seized the vehicle at the time of Richard's arrest or took possession of the vehicle before Mellissa initiated her action on January 23, 2018, the relevant federal court has jurisdiction over the action to the exclusion of the circuit court because federal jurisdiction attaches at the moment of possession. Id. at 263. The materials before this court demonstrate a dispute regarding which narrative is accurate.
We recognize that the answers to the foregoing questions may be affected by the capacity in which the officer or officers responsible for seizing the vehicle acted, i.e., as agents of the City or as agents of the federal government. See, e.g., Little, 232 So.3d at 235. This court, however, is in no position to make that factual determination. Because genuine issues of material fact remain, the resolution of which will impact whether the circuit court has subject-matter jurisdiction over Mellissa's action, the City has not demonstrated that it has a clear legal right to a summary judgment at this time. See Ex parte Dozier, 170 So.3d at 675. The City's petition is therefore denied.
PETITION DENIED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.