### THOMPSON v. WALLACE.

1. Where an execution is returned, satisfied, the judgment is discharged; and if
garnishee process is afterwards issued against a debtor of the defendant in ex-
ecution, it will be quashed, on producing the execution returned satisfied.
2. Where an execution has been levied, and the plaintiff is satisfied, by payment
received through a stranger, who lends the money to the defendant in execu-
tion, the judgment can not afterwards be the foundation of garnishee process.

Writ of error to the Circuit Court of Autauga county.

GARNISHEE process issued on affidavit of a stranger to
the judgment under the provisions of the act of 1818. (Aikin's
Digest, 213, s. 1.)

The garnishee appeared, and moved to quash the garnish-
ment, because an execution issued on the judgment, had been
returned satisfied, and the money paid over to the plaintiff be-
fore the process in this case was issued. The plaintiff then
proved by the sheriff, that the property of the defendant in ex-
ecution was levied on to satisfy the execution, which he after-
wards returned; that one Amos C. Baker, gave to the defen-
dant a drafton the sheriff for one thousand dollars, then owing
to him by the sheriff, and the defendant transferred certain notes
to said Baker, as collateral security for the said draft. The
sheriff took up the draft, and received the remaining portion of
the sum due from the defendant. He afterwards paid the
plaintiff, the entire amount of his execution. It was also prov-
ed, that when the draft was given, that Baker requested the
sheriff to keep the execution open. It was further proved, that
the plaintiff afterwards assigned the judgment to said Baker.
On these facts being disclosed, the plaintiff moved the Court
that the sheriff might be allowed to amend his return on the
execution, to correspond with the facts stated; which was re-

fused by the Court, and the garnishment was quashed. The defendant excepted to this course, and at his instance, a bill of exceptions was signed and sealed. He now assigns for error, that the Circuit Court erred in quashing the garnishment; and also, in refusing to allow the sheriff to amend his return.

CAMPBELL, for the plaintiff in error.
HARRIS, contra.

GOLDTHWAITE, J.—1. The judgment was discharged by the satisfaction of the execution, and no garnishee process could properly issue on it. The garnishee, when called in Court, to show cause why judgment should not be had against him, is certainly at liberty to show by the record, if it was conceded that he could not do it in any other way; that the process has been improperly issued, in consequence of the satisfaction of the judgment. This was shewn in this case, and therefore the garnishment was properly quashed.

2. The proposed amendment of the return, would not have bettered the condition of the plaintiff. The facts stated show, that the execution was in fact discharged by those who were parties defendant to it, although the money was loaned to them by another.

This seems to be an attempt to use the payment as a means to collect a debt due to the defendant in execution, in a more summary mode than can be obtained by suit in the ordinary way.

The Circuit Court very properly refused to countenance it.
Let the judgment be affirmed.