# Thomas *v.* Glazener.

*Motion to enter Satisfaction of Judgment.*

1. *Purchase by plaintiff at execution sale, as satisfaction of judgment.*
When the plaintiff in execution becomes the purchaser of lands sold under it at his instance, the judgment is satisfied, in whole or in part, to the amount of his bid; and in the absence of fraud, imposition, or surprise, he can not repudiate the purchase, nor resist the entry of satisfaction, because the defendant in execution had no title to, or interest in the land.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. LEROY F. BOX.
Motion to enter satisfaction of a judgment, on the facts stated in the opinion of the court. The court below overruled the motion, and its judgment is here assigned as error.

CECIL BROWNE, for appellants, cited *Turner v. Teague*, 73 Ala. 554; *Boykin v. Cook*, 61 Ala. 472; *Fore v. McKenzie*, 58 Ala. 113; *Bland v. Bowie*, 53 Ala. 152; *Lovelace v. Webb*, 62 Ala. 271; *McCartney v. King*, 25 Ala. 681.

B. F. WILSON, and W. B. CASTLEBERRY, *contra.*—(1.) The land was returned to the assessor for taxation by Riser, as his own property, and the levy on it was made on the faith of

90   537
114   355

90   537
121   154

90   537
141   438

[Thomas v. Glazener.]

that assessment. He can not claim any advantages resulting from his own wrongful act. (2.) The sale was never completed; no deed was executed, and no money was paid; and the rights of the parties remain *in statu quo*, as if no sale had ever been made.

CLOPTON, J.—This proceeding is a motion made by appellants to enter satisfaction of a judgment, obtained by appellee against them, in the Circuit Court of Talladega county. · The motion is based on the following admitted facts: An execution issued on the judgment, March 13, 1889, was levied by the sheriff on certain land, as the property of D. B. Riser, one of the defendants in execution. The land was sold under the execution, on the first Monday of July, 1889, and purchased by appellant, at a price sufficient.to pay the entire judgment, principal, interest, and cost. At the sale notice was given that the land did not belong to Riser. Appellee having ascertained, after the sale, that he had no title to the land, nor interest therein, refused to pay the amount of the costs, and to credit the judgment with the amount of his bid in excess of the costs, and accept a deed from the sheriff. The validity of the judgment, and the regularity of the execution and sale, are not controverted; neither is there any pretense of fraud, imposition, or surprise. The land was levied upon and sold at the instance of the appellee, who purchased with notice of the defect of title.

However irreconcilable may be the, judicial decisions, as to whether a purchaser at a sheriff's sale under execution, where there is neither fraud, imposition or surprise, will be relieved from the effect of his bid, on the mere ground that the defendant in executon had no .title or interest whatever in the property, this is not an open question in this State. By our decisions, the doctrine of *caveat emptor* has been uniformly applied to sales made by the sheriff under execution; the purchaser buys at his own risk, and renders himself liable for the amount of his bid, notwithstanding the defendant in execution has no title to the property. If the plaintiff in execution purchases, his purchase operates an irrevocable satisfaction of the judgment, from which a court of equity will not relieve him, especially when he buys with notice of the defect of title. *McCartney v. King*, 25 Ala. 681; *Goodbar v. Daniel*, 88 Ala. 583. Had a stranger purchased, and the sheriff received the money, the result would have been satisfaction of the execution *pro tanto;* and when property is levied on and sold by direction of the plaintiff in execution, and he bids it off, at a price sufficient to pay the entire judgment, the law appropri-

[Foust v. Greene.]

ates the bid to the discharge of the execution and satisfaction of the judgment, notwithstanding he may refuse to accept the property.—*Halcomb v. Loudemilk.*—3 Jones Law, 491.

We decide nothing as to effect of the statute of frauds; this question was not raised in the Circuit Court, and can not be raised the first time in this court. All we decide is, that on the agreed state of facts, if there be nothing else, the motion to enter satisfaction should have been granted.

Reversed and remanded.