This is an appeal by the defendant, Hazel Desroches, from a summary judgment in favor of plaintiff, Ryder Truck Rental, Inc. We affirm.
Resolution of the issue necessitates consideration of Rule 13 (a), Alabama Rules of Civil Procedure.
Hazel Desroches is the mother of two sons whose deaths were occasioned by an automobile collision. She executed two release agreements and covenants not to sue in exchange for a certain aggregate sum of money. Later Mrs. Desroches brought a civil action for the wrongful deaths of her sons against several defendants, based upon that collision. The defendants named in her action were Ryder Truck Rental, Inc.; Ryder System, Inc.; Complete Auto Transit, Inc.; and Eugene D. Martin, who was the driver of one of the vehicles involved in the accident. Complete Auto Transit was the operator of that vehicle and Ryder Truck Rental was the lessor.
The defendants in Mrs. Desroches's lawsuit relied upon the release agreements as a basis for their defense, and in addition counterclaimed against the plaintiff for her alleged breach of those agreements for the amount of their costs, fees and expenses in their defense to her claims. In that case the circuit court ordered separate trials on the issues of (a) liability and (b) the validity of the releases. Subsequently the trial court granted the defendants' motion to dismiss the counterclaim "without prejudice," and granted summary judgment against Mrs. Desroches on the issue dealing with the validity of the releases. That order and judgment were affirmed on appeal to this Court. Desroches v. Complete Auto Transit, Inc., Ala., 409 So.2d 417 (1982).
Later, Ryder Truck Rental instituted the instant action against Mrs. Desroches, the gist of which claimed damages represented by attorneys' fees, expenses and costs in the amount of $12,818.47 incurred on account of the breach by Mrs. Desroches of her releases and covenants not to sue. The defendant, Mrs. Desroches, defended on the ground that, since the plaintiff's present claim was previously filed as a counterclaim, and was a compulsory counterclaim under Rule 13 (a), A.R.Civ.P., its re-litigation in this present action was barred.[1] We disagree. *Page 1012 
Rule 13 (a), on compulsory counterclaims, in relevant part states:
 "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . ."
Is a claim for attorneys' fees, costs and expenses arising out of the breach of a release agreement one which arose "out of the transaction or occurrence that is the subject matter of the opposing party's claim?" To answer that question, it must be kept in mind that the occurrence in Mrs. Desroches's claim was the death of her children in the automobile collision, not her subsequent settlement, or the mechanics of her settlement, of her claim arising out of that transaction. Hence, the subjects of the counterclaim against her later legal action were not a compulsory counterclaim within the meaning of Rule 13 (a). Indeed, those items alleged as counterclaims were not fixed in amount until the litigation in the first action was completed. This conclusion appears to accord with the tests suggested for similar issues arising under federal Rule 13 (a), after which our rule is patterned:
 "(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
 "(2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
 "(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
 "(4) Is there any logical relation between the claim and the counterclaim?"
6 Wright and Miller, Federal Practice And Procedure, § 1410 at 42.
These commentators point to a degree of dissatisfaction in the utility of each of these tests; nevertheless, they may be helpful in reaching a just result.
Concerning the first and third tests, it is clear that the same evidence would not apply to the defendant's claim for wrongful death and this plaintiff's counterclaim for breach of the release agreement, and it is therefore also obvious that the issues of fact and law made by that evidence would not be the same. Nor would res judicata under the second test bar the counterclaim since the essential elements of res judicata are a prior judgment on the merits rendered by a court of competent jurisdiction, substantial identity of parties, and identity of issues. Reliance Ins. Co. v. Substation Products Corp., Ala.,404 So.2d 598 (1981); Ozley v. Guthrie, Ala., 372 So.2d 860
(1979). The absence of an identity of issues would prevent the application of res judicata here.
Finally, under the fourth test there is no logical relationship between the two claims. As stated in Great LakesRubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961):
 "[A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of res judicata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently."
This is the approach adopted by this Court in Brooks v. PeoplesNational Bank of Huntsville, Ala., 414 So.2d 917 (1982), and Exparte Fletcher, Ala., 429 So.2d 1041 (1982). We have no difficulty under this view in holding that the plaintiff's present claim was not logically related to the defendant's legal action for the wrongful *Page 1013 
deaths of her sons. Accordingly, the counterclaim of the original defendant, now plaintiff, was not a compulsory one, was not barred by res judicata or collateral estoppel, and thus the plaintiff here, formerly counterclaimant, was not restricted by the provisions of Rule 13 (a), A.R.Civ.P., in bringing this action.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] Defendant raises no issue on the lawfulness, necessity, or reasonableness of plaintiff's claim, nor any issue relative to the application of Rule 41, A.R.Civ.P., to these facts. We have limited our discussion, therefore, to the single issue raised by the defendant.