HOUSTON, Justice.
JJ’s Heating & Air Conditioning, Inc. (“JJ”), sued Gobble-Fite Lumber Company, Inc. (“Gobble-Fite”), alleging intentional interference with business relations. The trial court entered judgment for Gobble-Fite, holding that, pursuant to Rule 13(a), A.R. Civ.P., JJ’s claim was a compulsory counterclaim that should have been brought in a trespass and conversion suit filed earlier by Gobble-Fite against JJ.[1] JJ now appeals. We affirm.
JJ subcontracted with C.W. Buffington to install air conditioning equipment in four homes being built by Buffington. JJ was paid 60% of the contract price and it began the work. During this time, Gobble-Fite provided materials on credit to Buffington for the construction of the homes. In January 1988, because Buffington experienced financial difficulties that caused the discontinuation of construction, JJ reentered the four construction sites and removed all equipment and materials it had installed up to that point. Later, but without knowledge of JJ’s action, Gobble-Fite assumed Buffington’s debt on the projects in order to minimize its losses. Buffington, who was also unaware of JJ’s action, conveyed his interest in the projects to Gobble-Fite. Only afterwards did Gobble-Fite learn that *1244 the four sites had been completely stripped of all previously installed air conditioning equipment.
Gobble-Fite contacted JJ about replacing the equipment, but JJ refused unless Gobble-Fite paid the full contract price. Gobble-Fite did not do so but, instead, secured the air conditioning equipment elsewhere and continued in its attempt to secure payment from JJ for the equipment JJ had removed from the sites. Receiving no payment, Gobble-Fite contacted various contractors, advising them of its situation with JJ and advising them that it would no longer lend money to pay for any air conditioning equipment or contract work provided by JJ. In doing so, Gobble-Fite attempted to protect itself from any potential future exposure to similar acts. JJ knew of Gobble-Fite’s new position toward it and found it more difficult to obtain contracts where Gobble-Fite would not provide financing.
In June 1989, some 17 months after JJ had removed the air conditioning equipment, Gobble-Fite sued JJ, alleging trespass and conversion. JJ and Gobble-Fite settled this matter and on January 3, 1990, consented to dismissal of the case with prejudice. Thereafter, on January 23, 1990, JJ sued Gobble-Fite on the claim of interference with business relations (relating to various named contractors) that is now before us.
Rule 13(a), A.R.Civ.P., provides, in pertinent part, as follows:
“(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....”
The following are pertinent Committee Comments to that subsection:
“The purpose of this provision is to avoid circuity of actions, and to require assertion as counterclaims of those claims which are likely to turn on the same facts as the original claim. A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim....”
(Citations omitted.) (Emphasis added.) We have consistently applied the “logical relationship” test suggested in the aforementioned Committee Comments to determine what is and what is not a compulsory counterclaim. See Ex parte Canal Insurance Co, 534 So.2d 582 (Ala.1988), and Brooks v. Peoples National Bank of Huntsville, 414 So.2d 917 (Ala.1982); see, also, O’Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977).
“ ‘[Claims are logically related] to the opposing party’s claim where separate trials on each-of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaim-ant be permitted to maintain his cause of action. Indeed the doctrine of res judi-cata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.’ ”
Mississippi Valley Title Ins. Co. v. Hardy, 541 So.2d 1057, 1059-60 (Ala.1989) (citations omitted) (quoting Desroches v. Ryder Truck Rental, Inc., 429 So.2d 1010, 1012 (Ala.1983), quoting an earlier case).
While we have not defined the terms “transaction” or “occurrence” in Rule 13(a), the Missouri Supreme Court has defined “transaction” in its Rule 55.32(a), V.A.M.R., which is identical to Rule 13(a), in Myers v. Clayco State Bank, 687 S.W.2d 256, 260-61 (Mo.App.1985), quoting Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471 (1949), as follows:
“Transaction imports a pliable meaning and may encompass a series of occurrences, and depends in application, not so much upon the immediacy of connection, as upon logical relationship. Claim [of *1245 either the original pleader or of the coun-terpleader] refers not to the form of the action, but ‘to the underlying facts combined with the law giving a party a right to a remedy of one form or another based on the claim.’ Subject matter of the claim does not equate merely with the cause of action, nor the object of the action, but rather ... describes the composite of ‘physical facts, the things real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted.’ ... Thus, the term transaction extends to include ... ‘all of the facts and circumstances which constitute the foundation of a claim ... “all the facts and circumstances out of which the injury complained of arose.” ’ ”
(Citations omitted.) (Emphasis in Myers.) This definition is consistent with our logical relationship test and the purpose of Rule 13(a) (“[t]he rule on compulsory counterclaims should receive a ‘broad realistic interpretation in light of the interest of avoiding a multiplicity of suits,’ ” Mississippi Valley Title Ins. Co. v. Hardy, 541 So.2d at 1060).
The issue before us, then, is whether the facts supporting the trespass and conversion claim and those supporting the intentional interference claim arose out of the same “transaction or occurrence.”[2]
Gobble-Fite’s trespass and conversion claims against JJ arose out of JJ’s removal of the air conditioning equipment. It was JJ’s continued refusal to return the equipment, which caused Gobble-Fite financial loss, that caused Gobble-Fite to notify certain contractors that Gobble-Fite would no longer lend money to pay for any air conditioning equipment or contract work provided by JJ. This was the alleged interference that was the basis of JJ’s claim. JJ could not build its present case without at some time refuting the factors that motivated Gobble-Fite to circulate the information regarding JJ’s improper activities— those factors being the trespass, conversion, and repeated refusal to return the air conditioning equipment.
Justification is an affirmative defense in an intentional interference case. Century 21 Academy Realty v. Breland, 571 So.2d 296 (Ala.1990). Gobble-Fite could not properly justify its actions in the present suit without again proving the effects of JJ’s trespass and conversion and the legitimacy of Gobble-Fite’s motivation in refusing to continue to extend credit on jobs where JJ was a subcontractor. In Gross v. Lowder Realty Better Homes & Gardens, 494 So.2d 590, 597 (Ala.1986), we quoted the Restatement (Second) of Torts § 767 (1979) for its listing of the following important considerations to use in determining whether the defendant’s interference is justified:
“(a) the nature of the actor’s conduct,
“(b) the actor’s motive,
“(c) the interests of the others with which the actor’s conduct interferes,
“(d) the interests sought to be advanced by the actor,
“(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
“(f) the proximity or remoteness of the actor’s conduct to the interference, and
“(g) the relations between the parties.”
Clearly, none of these considerations can be adequately pursued and addressed in the instant action without retrying to some degree the merits and effects of the trespass and conversion action. Here, “the sum total of facts upon which the original claim rests creates legal rights in a party which would otherwise remain dormant.” Brooks, supra at 919. In other words, Gobble-Fite’s justification defense, if any, arose out of the transaction or occurrence that formed the basis for its initial claim against JJ.[3] Gobble-Fite’s actions are *1246 “offshoots of the same basic controversy between the parties.” Mississippi Valley Title Ins. Co. v. Hardy, supra.
Thus, we hold that JJ’s intentional interference claim arose out of the same transaction and occurrence as Gobble-Pite’s trespass and conversion claims. Accordingly, JJ’s claim was a compulsory counterclaim in the original suit. The trial court did not err in holding that JJ’s claim was a compulsory counterclaim that should have been filed in the earlier suit filed by Gobble-Fite against JJ.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.

. Gobble-Fite filed motions to dismiss and, alternatively, for summary judgment. The trial court considered pleadings, affidavits, and briefs on the compulsory counterclaim issue and made findings of facts and conclusions of law based thereon. The trial court purported to dismiss JJ’s claim under Rule 13(a) and held Gobble-Fite’s motion for summary judgment to be moot. Technically, however, because “matters outside the pleading [were] presented to and not excluded by the court, [Gobble-Fite’s] motion [should] be treated as one for summary judgment and disposed of as provided in Rule 56.” Rule 12(b). Accordingly, we must review the judgment as a summary judgment under Rule 56, A.R.Civ.P.

. We note JJ's other arguments in its brief; however, our determination of the Rule 13(a) issue is dispositive of this case. Thus, we need not address the merits of those arguments.

. We do not mean to suggest that the facts necessary to support JJ’s claim were ripe at the time JJ committed the acts of trespass and conversion. To the contrary, those facts would have ripened, if at all, during the 17 months *1246 after that occurrence but before Gobble-Fite sued and JJ answered.