This is a declaratory judgment action filed by Robbie J. McCorkle and Marita M. *Page 204 
McElwey ("plaintiffs") against Elizabeth J. McElwey.
The parties stipulate the following facts:
 "On December 2, 1982, the defendant, Elizabeth Jamieson McElwey, obtained a judgment against the plaintiffs herein, Robbie Jean McCorkle and Marita M. McElwey, in the sum of $35,000.00 plus interest and court costs in that certain styled cause entitled 'Elizabeth Jamieson McElwey, plaintiff, versus Marita M. McElwey and Robbie Jean McCorkle, defendants, in the Circuit Court of Lawrence County, Alabama, Case No. CV-82-39.'
 "At the time of the entry of said judgment, the defendant, Robbie Jean McCorkle, owned a one-half (1/2) undivided interest in and to certain real estate situated, lying and being in Lawrence County, Alabama.
 "At the time of obtaining the above judgment, there were two mortgages against the said Lawrence County real estate, with the first mortgage not being in question herein, but the second mortgage being held by Millie Kurtz, which was dated and recorded prior to the date that the defendant herein obtained her judgment.
 "On January 10, 1984, the second mortgage holder, Millie Kurtz, filed an action in the United States District Court, Northern District of Alabama, Northeastern Division, entitled 'Millie Kurtz, plaintiff, versus Dr. Raymond E. McCorkle, Robbie J. McCorkle and Elizabeth Jamieson McElwey, defendant, Civil Action No. CV 84-L-502NE.' Said action was brought to foreclose the aforesaid second mortgage.
 "Default judgments were taken against each of the defendants in the foreclosure action, and on April 18, 1984, the Hon. Seyborne H. Lynne, Senior District Judge, for the Northern District of Alabama, entered a judgment for the plaintiff therein, which said judgment provided, inter alia, that the mortgage from the defendants therein, Dr. Raymond E. McCorkle and Robbie J. McCorkle to the plaintiff, Millie Kurtz, was superior and prior to any right, title, claim or interest which defendant therein, McElwey, may have had or held or which she may have acquired by virtue of the judgment dated December 2, 1982 against Robbie J. McCorkle, and the mortgage held by Millie Kurtz was foreclosed.
 "On January 23, 1984, the Sheriff of Lawrence County, Alabama, executing on the previous judgment obtained by the defendant herein, Elizabeth Jamieson McElwey, against plaintiffs herein, Robbie Jean McCorkle and Marita M. McElwey, held a public sale at the Courthouse in Lawrence County, Alabama, and at said sale, the defendant herein, Elizabeth Jamieson McElwey, acting through her attorney, J.G. Speake, or a member of his law firm, did purchase the one-half (1/2) undivided interest of Robbie J. McCorkle in and to the real estate owned by the plaintiff, Robbie J. McCorkle, situated in Lawrence County, Alabama, for the sum of $35,250.10, which was the balance due on the judgment dated December 2, 1982, including court costs and interest at the time of sale, and the said Sheriff did convey the real estate in question to the defendant herein, Elizabeth Jamieson McElwey.
 "Neither of the plaintiffs herein made any monetary payments on said judgment to the defendant herein."
The trial court dismissed the present action, holding that it was "barred by the operation of res judicata" and holding that Elizabeth J. McElwey "may pursue any legal remedy available to her in the collection of the Judgment previously entered in her favor" against Robbie J. McCorkle and Marita M. McElwey. The plaintiffs appeal.
Dr. Raymond McCorkle, who was a former husband of Robbie J. McCorkle, the owner of the other undivided one-half interest in the property ("the property") referred to in paragraph two in the stipulation of facts and the purchaser of the property referred to in the stipulation of facts from Millie Kurtz (the mortgagee of the second mortgage on the property, who foreclosed that mortgage), filed a declaratory *Page 205 
judgment action to quiet title to the property, naming Elizabeth McElwey as a defendant and seeking a declaration that the sheriff's deed to Elizabeth McElwey no longer constituted a cloud on the title to the property. The trial court held that Elizabeth McElwey's deed was not a cloud on the title to the property and that she had no legal claim against the property. Dr. McCorkle, in the same action, sought a declaration that Elizabeth McElwey's purchase of the property at the sheriff's execution sale for $35,250.10 satisfied the $35,000 judgment against the plaintiffs. The trial court did not hold that Elizabeth McElwey's judgment was satisfied. In the present case, the trial court held, and Elizabeth McElwey here contends, that the conclusion of that action by Dr. McCorkle in that manner is res judicata as to the case now before this Court.
The trial court held that this present action was "barred by the operation of res judicata," so we address this issue first.
There are two aspects of res judicata — claim preclusion and issue preclusion (frequently referred to as "collateral estoppel"). The traditional res judicata case (frequently referred to as a "claim preclusion" case) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff or defendant to relitigate the same cause of action against the same defendant or plaintiff, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. It is well settled in Alabama law that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter that could have been litigated in the prior action. Likewise, under res judicata we have consistently rejected an attempt by a former defendant to relitigate issues that were, or could have been, raised in prior litigation that ended in a valid adjudication by a court of competent jurisdiction. Whisman v. Alabama Power Co.,512 So.2d 78, 81 (Ala. 1987). The plaintiffs in this action were not parties to the action to quiet title; therefore, there could be no claim preclusion.
While the issue preclusion aspect of res judicata does not require complete identity of parties, it does require that the party against whom res judicata is asserted either was a party or was in privity with a party to the prior action, or if a non-party, that the non-party's interests were adequately represented by a party in the prior action and that the relationship of the party and the non-party is not so attenuated that the application of res judicata would deny due process. Whisman v. Alabama Power Co., 572 So.2d at 82. Unless the non-party to the prior litigation had counsel, cross-examined witnesses, introduced evidence, and participated in all phases of the former trial, the non-party would not have had a sufficient "laboring oar" in the prior litigation and precluding her from relitigating an issue would deny due process. Whisman v. Alabama Power Co., supra. Neither Ms. McCorkle (the former wife of Dr. McCorkle, the plaintiff in the action to clear title) nor Marita M. McElwey, whose relationship to the parties to the clear title action is not shown in the record, had a laboring oar in the clear title action so as to preclude them from litigating the issue of whether Elizabeth McElwey's judgment against them has been satisfied. Therefore, this appeal must be resolved by determining whether the facts stipulated constitute a satisfaction of the $35,000 judgment obtained by Elizabeth McElwey against the plaintiffs in this case.
In Thomas v. Glazener, 90 Ala. 537, 8 So. 153, 24 Am.St.Rep. 830 (1890), this Court held:
 "By our decisions, the doctrine of caveat emptor
has been uniformly applied to sales made by the sheriff under execution. The purchaser buys at his own risk, and renders himself liable for the amount of his bid, notwithstanding the defendant in execution has no title to the property. If the plaintiff in execution purchases, his purchase operates an irrevocable *Page 206 satisfaction of the judgment, from which a court of equity will not relieve him, especially when he buys with notice of the defect of title."
90 Ala. at 538, 8 So. at 153. (Emphasis added.) See,Goodbar, White Co. v. Daniel, 88 Ala. 583, 7 So. 254, 16 Am.St.Rep. 76 (1890); Rutledge's Adm'r v. Townsend, Crane Co., 38 Ala. 706 (1863); also, see, Thompson v. Wallace, 3 Ala. 132
(1841); but, see, Niolin v. Hamner, 22 Ala. 578, 582
(1853), in which this Court wrote "[t]he mere fact that the property has been sold by the sheriff, does not, in our opinion, necessarily operate a satisfaction of the execution under which it was sold, to the extent of the proceeds of the sale; nor does it place the funds necessarily beyond the control of the sheriff, so that he cannot give them to the rightful owner."
Black's Treatise on the Law of Judgments 1487-88 (2d ed. 1902), states:
 "[W]here the property [sold on a sheriff's execution sale] is purchased by the judgment-plaintiff himself, for the amount due him, the judgment is wholly extinguished. . . . [I]f the invalidity [of the sheriff's sale] is attributable to the fact that the debtor had no title or interest whatever in the property sold, the more approved doctrine appears to be that, where the creditor himself purchases the property, the judgment is finally and irrevocably satisfied and the law courts have no power to set it aside or grant him relief. But this doctrine, it must be admitted, is opposed by a very respectable body of authorities. And however it may be at law, the courts of equity will relieve a creditor from the consequences of his purchase at such an invalid sale."
(Emphasis added.)
In the case before us, Elizabeth McElwey has received nothing in satisfaction of her $35,000 judgment, which was awarded to her on December 2, 1982. At the sheriff's execution sale of the judgment debtor's interest in the property on January 23, 1984, Elizabeth McElwey bid the amount of the judgment. The judgment debtor's one-half interest in this property was conveyed to her. Subsequent to the sheriff's sale, a second mortgage was judicially foreclosed, and it was judicially determined that this second mortgage had priority over Elizabeth McElwey's judgment. The mortgagors of this second mortgage, Dr. McCorkle and one of the judgment debtors, Ms. McCorkle, did not defend against this judicial foreclosure, but permitted default judgments to be taken against them. After the mortgage was foreclosed, Dr. McCorkle purchased the property from the second mortgagee and filed an action to clear title to the property by holding that Elizabeth McElwey's deed to a one-half interest in the property was no longer a cloud on the title to the property. This was done. Elizabeth McElwey has no interest in the property (regardless of its worth) and has received no money to pay any part of the $35,000 that was awarded to her more than 8 years ago. Why should a court of equity not be allowed to relieve a creditor from the consequence of her purchase at an invalid sale? It should be allowed to do so. The phrase "Stare decisis et non quieta movere" (usually referred to as the doctrine of stare decisis) expresses the legal principle of certainty and predictability; it is literally translated as "[t]o adhere to precedents, and not to unsettle things which are established." Black's Law Dictionary 1406 (6th ed. 1990). By this opinion, we are unsettling things that have been established by this Court for more than 100 years; however, we are persuaded that the ground or reason of those prior decisions of this Court would not be consented to today by the conscience and the feeling of justice of the majority of those whose obedience is required by the rule on which theratio decidendi of those prior decisions was logically based.Barnes v. Birmingham International Raceway, Inc.,551 So.2d 929, 933 (Ala. 1989); Ex parte Bayliss, 550 So.2d 986, 994
(Ala. 1989). To the extent that the following cases hold that a trial court, exercising its equitable powers, cannot relieve a judgment creditor from the consequences of her purchase of property at an execution sale of that property, when the judgment debtor had no title or interest of value in *Page 207 
the property sold, they are overruled: Thomas v. Glazener, supra; Goodbar, White Co. v. Daniel, supra; Rutledge's Adm'rv. Townsend, supra; and Thompson v. Wallace, supra. When its equitable powers are invoked and it finds that equity and justice require it to do so, a trial court may relieve the judgment creditor from the consequences of her purchase of property at an execution sale of that property held to satisfy her judgment, when the judgment debtor had no interest of value in the property and the judgment creditor's deed to the property can be nullified or set aside as a cloud on the title to that property.
We do not feel it necessary to remand this case to the trial court, for we are affirming its action, since the case was submitted on stipulated facts and on the pleadings in this action and preceding actions. Equity and justice require that we hold that Elizabeth McElwey's judgment was not irrevocably satisfied by her purchase at the execution sale of property in which the present plaintiffs had no economic interest, and that Elizabeth McElwey may pursue any remedies available to her in the collection of the judgment entered in her favor in the Circuit Court of Lawrence County, case no. CV-82-39.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.