*723
 
 BRYAN, Judge.
 

 Philip Owens (“Philip”), the plaintiff below, appeals from a summary judgment in favor of Gloria Ann Owens (“Gloria”) and Betty Thomas (“Betty”), the defendants below. We affirm.
 

 Philip, Gloria, and Betty are siblings. In 1987, their father, Claude Jackson Owens, Jr. (“the father”), executed a deed (“the 1987 deed”) conveying five parcels of land (“the five parcels”) to Philip. Philip did not record the 1987 deed until October 19, 2001.
 

 In 1994, the father executed a deed (“the 1994 deed”) purporting to convey to Philip the five parcels plus several other parcels of land that are not at issue in this action. Philip recorded the 1994 deed shortly after it was executed. Thereafter, the father died, and Gloria and Betty, in 2000, instituted, in the Monroe Circuit Court (“the circuit court”), an action (“the 2000 action”) challenging the validity of the 1994 deed.
 

 The record before us contains a statement of the issues the parties had filed in the 2000 action. It states that the issues in the 2000 action were (1) whether the father lacked capacity to execute the 1994 deed and (2) whether Philip procured the execution of the 1994 deed by exercising undue influence over the father. The 2000 action proceeded to trial before a jury, and the jury returned a verdict finding that the 1994 deed was invalid. On July 22, 2002, the circuit court entered a judgment on the jury’s verdict. In pertinent part, the judgment states:
 

 “This matter came on to be heard and was submitted to the jury for verdicts on the evidence and the Court’s oral charge. The jury returned [a] verdict[ ] ... setting aside the deed to [Philip] made in 1994 .... It is therefore
 

 “ORDERED, ADJUDGED AND DECREED by the Court as follows:
 

 [[Image here]]
 

 “2. That the certain conveyance executed by [the father] to [Philip], bearing date of January 24, 1994, purportedly conveying certain lands in Monroe and Butler Counties, Alabama, and filed for record in Deed Book 494, at page 254, in the Probate Office of Monroe County, Alabama, be and the same is hereby set aside, vacated and held ineffective and for nought as a conveyance of any lands, or interests in lands, by [the father].”
 

 On October 13, 2004, Philip instituted the action underlying the appeal now before us (“Philip’s action”) in the circuit court.
 
 [1]
 
 Philip’s action sought a determination that Philip owns the five parcels by virtue of the 1987 deed. Gloria and Betty filed a motion to dismiss or, in the alternative, a motion for a summary judgment. As the ground of their motion, Gloria and Betty asserted that Philip’s action was barred because, they said, Philip’s action constituted a compulsory counterclaim that should have been pleaded in the 2000 action. Later, Gloria and Betty amended their motion to assert, as additional grounds, that Philip’s action was barred by the doctrines of res judicata and collateral estoppel. In support of their motion, Gloria and Betty submitted, among other things, the judgment entered on the jury’s verdict in the 2000 action. Opposing Gloria and Betty’s motion, Philip asserted that his action was not barred by the compulsory-counterclaim rule, the doctrine of res judicata, or the doctrine of collateral estop-pel because, he said, his action was based on a different transaction or occurrence
 
 *724
 
 from the 2000 action because it was based on the 1987 deed rather than the 1994 deed. In opposition to Gloria and Betty’s motion, Philip submitted, among other things, the statement of the issues the parties had filed in the 2000 action and an affidavit he had executed.
 

 The circuit court heard the motion, considered the evidence submitted by the parties, and entered an order. In pertinent part, the order states:
 

 “This matter comes on to be considered by the Court on [Gloria and Betty’s] motion for summary judgment, which was treated by the Court as a motion for summary judgment because the Court considered evidentiary materials outside the pleadings in the case. ...
 

 “Factual Background
 

 “The evidence submitted by [Gloria and Betty] in support of their motion establishes without dispute that in a pri- or civil action in the Circuit Court of Monroe County, viz: ... ‘Gloria Ann Owens and Betty Thomas, Plaintiffs vs. Claude Philip Owens, Defendant,’ Case No. CV-00-191, the same parties to this action were involved in ... an action to set aside a deed made from [the father] to [Philip], the Plaintiff in the case at bar, in 1994, on grounds of undue influence and lack of capacity.
 

 “This Court’s record of proceedings in the 2000 action noted above establishes that the deed made in 1994 was declared invalid and inoperative .... The 1994 deed which was the subject of the prior 2000 civil action describes all of the lands which are described in the 1987 deed, together with some additional lands. The 1987 deed was recorded in October, 2001, during the pendency of the 2000 civil action.
 

 “There is no dispute that the parties to this action were the same parties involved in the prior 2000 action, and that the 2000 action resulted in the final judgment described above.
 

 “[Gloria and Betty] contend that the ownership of the lands which are described in the 1987 deed was in issue before the Court in the prior 2000 civil action, and that [Philip] was required to assert his claim under the 1987 deed as a compulsory counterclaim in the 2000 action. The evidence is undisputed that [Philip] did not assert a claim under the 1987 deed in the 2000 civil action, and [Gloria and Betty] contend that [Philip] is now barred from asserting such a claim on theories of res judicata and collateral estoppel, in addition to failing to assert a compulsory counterclaim. [Philip] argues that the factual circumstances surrounding the execution of the 1987 deed were totally different from the circumstances surrounding execution of the 1994 deed, and that the validity of the 1994 [deed] was the only deed in question in the prior action. [Philip] further argues that he would have been unduly prejudiced to have been inquired to litigate the validity of the 1987 deed in the prior action involving the 1994 deed.
 

 “Legal Analysis
 

 “The fine distinctions between res ju-dicata (claim preclusion), collateral es-toppel (issue preclusion), and the compulsory counterclaim rule are not always clear, but all three doctrines support the underlying concept that a litigant should not be allowed to re-litigate issues that were, or could have been raised in prior litigation that ended in a valid adjudication by a court of competent jurisdiction.
 
 McCorkle v. McElwey,
 
 576 So.2d 202 (Ala.1991). The doctrines are all founded upon an interest in judicial economy by avoiding multiple suits between the
 
 *725
 
 same parties over the same matters, and the compulsory counterclaim rule must receive a broad realistic interpretation in light of the interest of avoiding a multiplicity of suits.
 
 J.J.'s Hea[t]ing & Air v. Gobble-Fite Lumber,
 
 572 So.2d 1243 (Ala.1990).
 

 “The ownership of the subject lands was obviously at issue and was litigated in the prior 2000 action, which resulted in the entry of a final judgment declaring the 1994 deed invalid. [Philip] could have asserted his claim of ownership under the 1987 deed in the former 2000 action, but did not do so. Further, the compulsory counterclaim rule required that [Philip] assert his claim of ownership under the 1987 deed in the former action, but he did not do so. The Court therefore concludes that he is now barred from asserting ownership of the same lands under the 1987 deed in the present action.
 

 “Final Judgment
 

 “It is therefore ORDERED, ADJUDGED AND DECREED by the Court as follows:
 

 “1. That [Gloria and Betty’s] motion for summary judgment be and the same is hereby granted.
 

 “2. That [Philip’s] complaint in the case at bar is hereby dismissed on its merits.
 

 “3. That the purported conveyance from [the father] to [Philip], dated September 28, 1987, and recorded in Deed Book 695, at page 156 in Monroe County and in Deed Book 0274, at page Oil in Butler County be, and the same is hereby declared ineffective and invalid as a conveyance of lands, or interest in lands, and a copy of this Judgment shall be placed of record in the Probate Court of both said Counties.”
 

 Philip timely filed a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment. Following a hearing, the circuit court entered an order denying the Rule 59(e) motion. In pertinent part, the order states:
 

 “[Philip] contends that he was not obligated to assert his rights under the 1987 deed in the trial in the former action, which only raised the validity of a later deed made in 1994. The evidence is undisputed that [Philip] recorded the 1987 deed in October, 2001, while the prior action was pending, but did not file any counterclaim or other pleading to assert any rights of ownership under the 1987 deed. [Philip] argues that the circumstances surrounding the execution of the 1987 deed were factually dissimilar from the circumstances surrounding the execution of the 1994 deed, and that [Philip] was not required to litigate these different circumstances in the pri- or action.
 

 “[Gloria and Betty] contend that prior ... suit to cancel the 1994 deed involved the underlying issue of the ownership of the lands of [the father], and that [Philip] was therefore required to assert all of his claims of ownership in the prior action. [Gloria and Betty] further argue that the rules allowing severance of claims for separate trial would have allowed the Court to litigate the validity of both the 1987 and 1994 deeds in the prior action.
 

 “In the mind of the Court, the principles underlying the compulsory counterclaim rule and the doctrines of collateral estoppel and res judicata generally require that all issues and claims which are related to a common subject matter are to be litigated in a single proceeding, in order to promote judicial economy, and to avoid multiplicity of suits and the possibility of inconsistent results. The Court finds and concludes that if [Philip]
 
 *726
 
 were somehow, allowed to litigate the validity of the 1994 deed in the prior action, and to reserve the prior 1987 deed as a potential ‘safety net’ if he was not successful under the 1994 deed, the underlying principles of the compulsory counterclaim rule, res judicata and collateral estoppel would be thwai'ted. The Court finds and concludes that these rules require a litigant to ‘put all of his cards on the table.’
 

 “For aught that appears, [Philip] made a decision not to assert the 1987 deed in the prior action, and having failed to do so, he is now precluded from asserting any rights thereunder, after a final judgment was rendered in the prior action. It is therefore
 

 “ORDERED, ADJUDGED AND DECREED that [Philip’s] post-judgment motion be and the same is hereby OVERRULED and DENIED.”
 

 Philip then timely appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 “ ‘We review a summary judgment de novo.’
 
 Potter v. First Real Estate Co.,
 
 844 So.2d 540, 545 (Ala.2002) (citation omitted). ‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” ’
 
 Ex parte Rizk,
 
 791 So.2d 911, 912 (Ala.2000) (citations omitted).
 

 “ ‘In determining whether the non-movant has created a genuine issue of material fact, we apply the “substantial-evidence rule” — evidence, to create a genuine issue of material fact, must be “substantial.” § 12-21-12(a), Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).’
 

 “Callens v. Jefferson County Nursing Home,
 
 769 So.2d 273, 278-79 (Ala.2000) (footnote omitted). In deciding a motion for a summary judgment, or in reviewing a summary judgment, the court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party.
 
 Bruce v. Cole,
 
 854 So.2d 47 (Ala.2003), and
 
 Pitney Bowes, Inc. v. Berney Office Solutions,
 
 823 So.2d 659 (Ala.2001).
 
 See Ex parte Helms,
 
 873 So.2d 1139 (Ala.2003), and
 
 Willis v. Parker,
 
 814 So.2d 857 (Ala.2001).”
 

 Hollis v. City of Brighton,
 
 885 So.2d 135, 140 (Ala.2004).
 

 Philip argues that his action is not barred by the compulsory-counterclaim rule, the doctrine of res judicata, or the doctrine of collateral estoppel. In
 
 JJ’s Heating & Air Conditioning, Inc. v. Gobble-Fite Lumber Co.,
 
 572 So.2d 1243 (Ala.1990), the supreme court stated:
 

 “Rule 13(a), [Ala.] R. Civ. P., provides, in pertinent part, as follows:
 

 “ ‘(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.... ’
 

 “The following are pertinent Committee Comments to that subsection:
 

 
 *727
 
 “ ‘The purpose of this provision is to avoid circuity of actions, and to require assertion as counterclaims of those claims which are likely to turn on the same facts as the original claim. A counterclaim is compulsory if there is
 
 any logical relation of any sort
 
 between the original claim and the counterclaim.... ’
 

 “(Citations omitted.) (Emphasis added.) We have consistently applied the ‘logical relationship’ test suggested in the aforementioned Committee Comments to determine what is and what is not a compulsory counterclaim. See
 
 Ex parte Canal Insurance Co.,
 
 534 So.2d 582 (Ala.1988), and
 
 Brooks v. Peoples National Bank of Huntsville,
 
 414 So.2d 917 (Ala.1982); see, also,
 
 O’Donohue v. Citizens Bank,
 
 350 So.2d 1049 (Ala.Civ.App.1977).
 

 “ ‘ “[Claims are logically related] to the opposing party’s claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counter-claimant be permitted to maintain his cause of action. Indeed the doctrine of
 
 res judicata
 
 compels the counter-claimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.” ’
 

 “Mississippi Valley Title Ins. Co. v. Hardy,
 
 541 So.2d 1057, 1059-60 (Ala.1989) (citations omitted) (quoting
 
 Desroches v. Ryder Truck Rental, Inc.,
 
 429 So.2d 1010, 1012 (Ala.1983), quoting an earlier case).
 

 “While we have not defined the terms ‘transaction’ or ‘occurrence’ in Rule 13(a), the Missouri Supreme Court has defined ‘transaction’ in its Rule 55.32(a), V.A.M.R., which is identical to Rule 13(a), in
 
 Myers v. Clayco State Bank,
 
 687 S.W.2d 256, 260-61 (Mo.App.1985), quoting
 
 Cantrell v. City of Caruthersville,
 
 359 Mo. 282, 221 S.W.2d 471 (1949), as follows:
 

 “
 
 ‘Transaction
 
 imports a pliable meaning and may encompass a series of occurrences, and depends in application, not so much upon the immediacy of connection, as upon logical relationship.
 
 Claim
 
 [of either the original pleader or of the counterpleader] refers not to the form of the action, but “to the underlying facts combined with the law giving a party a
 
 right to a remedy
 
 of one form or another based on the claim.”
 
 Subject matter of the claim
 
 does not equate merely with the cause of action, nor the object of the action, but rather ... describes the composite of “physical facts,
 
 the things real
 
 or personal, the money, lands, chattels,
 
 and the like, in relation to tuhich the suit is prosecuted.” ...
 
 Thus, the term
 
 transaction
 
 extends to include ... “all of the facts and circumstances which constitute the foundation of a claim ...
 
 ‘all the facts and circumstances out of which the injury complained of arose.’
 
 ” ’
 

 “(Citations omitted.) (Emphasis in
 
 Myers.)
 
 This definition is consistent with our logical relationship test and the purpose of Rule 13(a) (‘[t]he rule on compulsory counterclaims should receive a “broad realistic interpretation in light of the interest of avoiding a multiplicity of suits,” ’
 
 Mississippi Valley Title Ins. Co. v. Hardy,
 
 541 So.2d at 1060).”
 

 572 So.2d at 1244-45 (bold typeface omitted).
 

 
 *728
 
 For purposes of Rule 13(a), Ala. R. Civ. P., the subject matter of Gloria and Betty’s claim in the 2000 action included the five parcels.
 
 See JJ’s Heating & Air Conditioning, Inc.,
 
 572 So.2d at 1245 (“
 
 ‘Subject matter of the claim
 
 does not equate merely with the cause of action, nor the object of the action, but rather ... describes the composite of “physical facts,
 
 the things real
 
 or personal, the money, lands, chattels,
 
 and the like, in relation to which the suit is prosecuted.”
 
 ’ ”). Gloria and Betty’s claim in the 2000 action sought to establish that Philip did not own the five parcels and the other parcels described in the 1994 deed because the 1994 deed was invalid and that, therefore, the father still owned all the parcels described in the 1994 deed when he died. Because Philip’s claim to ownership of the five parcels by virtue of the 1987 deed would also affect the determination whether Philip or the father owned the five parcels when the father died, Philip’s claim to ownership of the five parcels by virtue of the 1987 deed bore a logical relationship to Gloria and Betty’s claim in the 2000 action.
 
 See JJ’s Heating & Air Conditioning, Inc.,
 
 572 So.2d at 1244 (stating that claims are logically related “ ‘ “where they are offshoots of the same basic controversy between the parties ....’” ”). Because the claim in Philip’s action is logically related to Gloria and Betty’s claim in the 2000 action, it arises from the same transaction as Gloria and Betty’s claim in the 2000 action for purposes of Rule 13(a).
 
 See JJ’s Heating & Air Conditioning, Inc.,
 
 572 So.2d at 1244 (“
 
 ‘Transaction
 
 imports a pliable meaning and may encompass a series of occurrences, and depends in application, not so much upon the immediacy of connection, as upon logical relationship.’ ”). Accordingly, we conclude that Philip’s claim to ownership of the five parcels by virtue of the 1987 deed was a compulsory counterclaim that he was required to plead in the 2000 action.
 
 See
 
 Rule 13(a) (“A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.”). Therefore, the circuit court did not err in holding that Philip’s claim to ownership of the five parcels by virtue of the 1987 deed was barred.
 
 See
 
 Rule 13(a) and
 
 JJ’s Heating & Air Conditioning, Inc.
 

 Because the summary judgment is due to be affirmed by virtue of the compulsory-counterclaim rule, we do not reach the issues whether it is due to be affirmed under the doctrine of res judicata or under the doctrine of collateral estoppel.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . When Philip instituted the underlying action, he was represented by the same attorney who had represented him in the 2000 action; however, that attorney died while the underlying action was pending in the circuit court, and Philip then employed another attorney.