MADDOX, Justice.
This appeal raises a question concerning the applicability and construction of Rule 13(a), A.R.Civ.P., relating to the filing of compulsory counterclaims in an action begun in district court, but appealed to the circuit court for trial de novo. This appeal specifically raises the question of whether the plaintiff in this action, whose claims for fraud, etc., exceeded the jurisdictional limit of the district court, nevertheless should have filed the claims as counterclaims when the action was appealed from the district court to the circuit court for a trial de novo.
FACTS
The plaintiff in this action, Darnell Owens, was at one time a student at Huffstet-ler College (hereinafter "Huffstetler”). A dispute arose between Owens and the college concerning Owens’s alleged failure to *1232 pay all of his tuition. Owens claimed that Huffstetler’s agents had misrepresented to him that his credits earned at Huffstetler would transfer to Spring Hill College or the University of South Alabama.
On March 22, 1988, Huffstetler filed a complaint in the Small Claims Court of Mobile County against Owens for $314.27 allegedly due and owing for unpaid tuition and books (hereinafter the “collection suit”). Owens answered the complaint in the small claims court and denied that the debt was due. He also set forth five affirmative defenses, including release, waiver, estoppel, material misrepresentations to the effect that his financial obligations were paid in full, and laches.
Shortly after filing an answer in the collection suit in the small claims court, Owens filed the present action in the Circuit Court of Mobile County against Huffstetler and certain employees of Huffstetler.[1] He alleged, in a five-count complaint, that Huffstetler had misrepresented to him that credits he had received at Huffstetler could be transferred to Spring Hill College or to the University of South Alabama, that Huffstetler had invaded his privacy, that it had caused him to suffer emotional distress, and that Huffstetler had conspired to defraud him. His monetary claim on each of the five counts exceeded the jurisdictional amount of the district court, where Huffstetler's collection suit was pending.
The small claims court suit was heard and the trial judge rendered a judgment in favor of Owens in that action. Huffstetler timely appealed on July 21, 1988, to the circuit court for a trial de novo and subsequently asked the circuit court to enter a summary judgment in its favor, which the trial judge did on December 2, 1988. Owens’s motion to reconsider that judgment was denied. At no time did Huffstetler request that Owens’s pending suit, which is the subject of this appeal, be consolidated with its action. Five days after Huffstet-ler received a summary judgment in its appealed collection suit, it filed a motion for a partial summary judgment as to Counts Three, Four, and Five of Owens’s suit on December 7, 1988. The trial court granted the motion on March 10, 1989. On March 30, 1989, Huffstetler amended its answer to add, for the first time, the affirmative defenses of res judicata, collateral estoppel and claim preclusion, and on April 17, 1989, it moved for a partial summary judgment based upon the res judicata effect of the collection suit judgment that it had obtained on appeal in the circuit court (CV-88-002581). On May 8, 1989, Huffs-tetler’s motion for partial summary judgment was granted, and Owens’s subsequent motion to “rehear” that judgment was denied on May 24, 1989. On May 26, 1989, two days after the court’s denial of his motion to “rehear” the May 8 order granting the defendants’ motion for partial summary judgment, Owens filed a motion to consolidate this action with the collection suit which had been appealed from district court (CV-88-002581). The case action summary sheet shows that the court purported to grant this motion to consolidate on June 23, 1989. Also on May 26, 1989, Owens filed a motion to set aside the summary judgment entered on May 8; the case action summary sheet shows that that motion was denied on June 23, 1989.[2]

*1233
Contentions of the Parties

Before we address the merits of this appeal, we first address whether the appeal was timely filed. Huffstetler contends that it was not. It says that the motion Owens filed on May 26 to set aside the summary judgment granted on May 8 was, in effect, a second application for rehearing, and that the time within which to appeal must be counted from the May 24, 1989, order of the court denying Owens’s “motion to rehear” its order of May 8, 1989. In view of the state of this record, especially in view of the fact that the trial court, within 30 days after entering the May 24, 1989, order denying Owens’s motion to rehear and taxing the costs, entered an order consolidating this cause with the other case in which there also was a judgment already entered, we treat the May 26, 1989, “motion to set aside summary judgment granted on May 8, 1989,” as plaintiff styled it, as a motion filed pursuant to the provisions of Rule 60(b), and because the appeal was filed within 42 days after the denial on this motion on June 23, 1989, we hold that the appeal was timely. In view of the state of this record as shown by the entries on the portions of the case action summary sheet included in footnote 1, and in the interest of justice, we conclude that the trial judge abused his discretion in refusing to grant Owens’s May 26, 1989, motion for the reasons we give in this opinion.

Summary Judgment was Improper

If we affirmed the judgment of the trial court in this case, we would be holding that a party can begin an action in district court, can lose in that court, appeal to circuit court for a trial de novo, and secure the dismissal of an original lawsuit, then pending in the circuit court, on the ground that the plaintiff in the pending action should have filed his claims as compulsory counterclaims in the de novo action under the provisions of Rule 13(a), Ala.R.Civ.P. This we refuse to do. Rule 13(a) provides as follows:
“(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot require jurisdiction. But the pleader need not state the claim if: (1) at the time the action was commenced the claim was the subject of another pending action; or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13; or (3) the opposing party’s claim is for damage covered by a liability insurance policy under which the insurer has the right or the obligation to conduct the defense; or (4) the amount of the claim exceeds the jurisdictional amount of an inferior court having direct appeal to the supreme court or court of civil appeals. In the event an otherwise compulsory counterclaim is not asserted in reliance upon any exception stated in paragraph (a), relitigation of the claim may be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.”
(Emphasis added.) In this case, of course, Rule 13 did not require Owens to file his claims as counterclaims in the collection *1234 suit filed by Huffstetler in the district court because each of Owens’s claims was “beyond the jurisdiction of the district courts.” Rule 13(dc), Ala.R.Civ.P. Instead of filing his claims as counterclaims, Owens filed them in the circuit court in an original action, and he successfully defended the collection suit in the district court, winning a judgment in his favor there. Huffstetler appealed for a trial de novo, however, as it was allowed to do, and subsequently filed a motion for summary judgment on the appeal de novo, which the trial court granted. Shortly after obtaining the favorable action on its motion for summary judgment in the collection suit, Huffstetler — and Jewell Rupe and Kenneth L. Furby, who were defendants in Owens’s suit, but were not plaintiffs in the collection suit — moved for a summary judgment in Owens's suit on the grounds that Owens had not filed his claims as counterclaims in the appealed action, and that the doctrine of res judicata applied.[3]
The commentary to Rule 13 provides as follows:
“Rule 13(a)(4) also states an exception not found in the Federal Rule. Since Rule 1 provides that these Rules shall be applicable to all courts having a direct appeal to the Supreme Court or the Court of Civil Appeals, it is possible for these rules to be applicable in certain inferior courts. This subparagraph excuses the pleader from setting forth what otherwise might be a compulsory counterclaim in the event the claim exceeds the jurisdictional amount of the *1235 court in which the action is pending. Of course, the same admonition concerning the doctrines of res judicata or collateral estoppel by judgment discussed in the preceding paragraph and referred to in the Rule is to be heeded.”
It is apparent that a claim that need not be asserted in the district court, could nevertheless be barred by res judicata or collateral estoppel if the original claim, begun in the district court, is appealed and begins anew in the circuit court.
That is what happened in this case, but when the case began anew in the circuit court, there was already pending an action by Owens. The whole concept of compulsory counterclaims is that all issues between litigants should be resolved in one action rather than in two or three. See Brooks v. Peoples Nat. Bank of Huntsville, 414 So.2d 917 (Ala.1982). How does that principle apply here, in view of the fact that at the time Huffstetler appealed the adverse judgment the Owens claim was pending and Huffstetler had notice of the pending action?
The “doctrines of res judicata or collateral estoppel by judgment,” of course, would apply when a party does not file a compulsory counterclaim, even when the initial claim was filed in district court; but why should Owens be collaterally estopped to continue his pending action just because there was a judgment entered in the de novo appeal? There is no reason.
Rule 13(j) includes within its provisions several instances when compulsory counterclaims must be filed in an action that has been appealed for trial de novo, but there is no category mentioned for a case such as this where the plaintiff in the district court loses, and before the appeal is filed there is pending in the circuit court an action filed, not only against the plaintiff in the district court, but against two other parties also.[4] Does Rule 13(j),[5] in such situations, require the plaintiff in the circuit court to dismiss his original suit and file a counterclaim in the de novo action? What if there are parties in the pending action who are not “substantially the same” as the parties in the appealed action? Should the doctrines of res judicata or collateral estoppel by judgment apply to such a judgment obtained in the appealed case? We think not. Clearly, two separate suits should not litigate the same issues between the same parties, but the proper procedure to prevent such an occurrence would be for the trial court to order a consolidation of the actions. The trial court attempted to do that in this case, but only after final judgments had been entered in both actions.
Based on the foregoing, we are of the opinion that the trial court erred in denying Owens’s Rule 60(b) motion; the judgment of the trial court is, therefore, due to be reversed and the cause is due to be remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
ALMON, J., concurring in the result.

. Huffstetler and these employees are hereinafter generally referred to simply as "Huffstet-ler.”

. The case action summary sheet shows the following:
“12-7-88 Defendants’ Motion for Court to enter Partial Summary Judgment
See Order of March 10, 1989
“12-15-88 Defts motion for Court to enter a partial summary judgment AND affidavit of Kenneth L. Furby
"12-16-88 Pltff's answer to defts’ motion for partial summary judgment
“March 10, 1989 — Motion for Partial Summary Judgment Granted as to Counts 3, 4 & 5 EBM
"4-17-89 Defendants’ Huffstetler College Inc., Jewel Rupe and Kenneth L. Furby’s, Motion for Court to Enter a Summary Judgment
"5-3-89 Defendants, Notice of Filing and Certified Copy of Court Record Identified in Support of Defendants’ Motion for Summary Judgment
[[Image here]]
"5-5-89 Plaintiff's, Motion to continue Motion for Summary Judgment set 5-5-89
*1233 "Motion granted. Motion for Summary Judgment to be heard on 5-8-89 at 9:00 a.m. EBM
[5-8-89 Although not shown in the case action summary sheet, summary judgment was apparently granted on the remaining counts on this day.]
“5-17-89 Plaintiffs motion for Court to rehear the order of May 8, 1989 granting summary judgment in Defendant’s favor
"May 24, 1989 — Motion denied
“5-26-89 Plaintiff’s Motion to Consolidate this case with CV-88-002581, Huffstetler College Vs. Darnell Owens Judge EBM
June 23, 1989 — Motion Granted, EBM
"5-26-89 Plaintiff’s Motion to Set Aside Summary Judgment Granted on May 8, 1989 June 23, 1989 — Motion denied EBM"

. Res judicata requires: (1) a prior judgment rendered by a court of competent jurisdiction; (2) a prior judgment rendered on the merits; (3) substantially the same parties in both suits; and (4) the same cause of action in both suits. Lott v. Toomey, 477 So.2d 316 (Ala.1985). "Where these elements are present, the former suit bars any later suit on the same cause of action, including issues that were or could have been litigated in the prior case." 477 So.2d at 319. (Emphasis added.)
Champ Lyons discusses the general question of a bar because of the failure of a claimant to assert a compulsory counterclaim, as follows:
"As previously noted in 13.3, the omission of a compulsory counterclaim without any of the exceptions previously mentioned as an excuse constitutes a bar to a subsequent action on that claim. While the rule is not illuminating on just why the subsequent action is barred, experience in federal courts has shown that the more useful theory of the bar is estoppel rather than res judicata. 6 Wright & Miller, Federal Practice and Procedure, § 1417, p. 96 (1971). This bar is described by one state court, applying virtually identical rules, as not the absolute bar of res judicata but a 'bar created by rule * * * which logically is in the nature of an estoppel arising from the culpable conduct of a litigant in failing to assert a proper counterclaim.’ House v. Hanson, 245 Minn. 466, 72 N.W.2d 874, 877 (1955). The estoppel theory has been applied to Federal Rule 13(a) so as to reach a result not unlike our Rule 13(a)(3) on claims covered by liability insurance, Dindo v. Whitney, 451 F.2d a[l] (1st Cir.1971); Reynolds v. Hartford Acc. & Indent. Co., 278 F.Supp. 331 (S.D.N.Y.1967); LaFollette v. Herron, 211 F.Supp. 919 (E.D.Tenn.1962), although the federal version contains no provision compa-rabie to Rule 13(a)(3). Most of the federal cases construing the line between permissive and compulsory counterclaims arise from a peculiarity of federal jurisdiction, not here relevant, rather than from an effort to assert a claim in a subsequent action. However, to avoid any detriment to the litigant, better practice calls for assertion of any counterclaim which might be reasonably construed to arise out of the same transaction or occurrence.
"The underpinnings of the doctrine of estop-pel as the basis for disallowance of a subsequent action under circumstances where a compulsory counterclaim has not been pleaded in a prior action were recognized in Brooks v. Peoples Nat. Bank of Huntsville, 414 So.2d 917 (Ala.1982). The subsequent action was allowed to proceed because the plaintiff in the second case had withheld his counterclaim in the prior action based upon a stipulation in the earlier action upon which the failure to plead the counterclaim was excused. Thus, the conduct of the defendant in the prior action was not such as to give rise to a bar of estoppel against the assertion of the claim in the second action."
13.8 Lyons, Alabama Rules of Civil Procedure, p. 221 (2d ed. 1986).
We note that although Huffstetler refers only to the doctrine of res judicata, the commentary to Rule 13 indicates that collateral estoppel may be the more precise term. The commentary states that a claim may not be a compulsory counterclaim and yet may be barred by collateral estoppel. "This is so, not because of the Rule, but because facts crucial to the affirmative claim that have been determined adversely to defendant in the prior suit may not be relit-igated by virtue of that branch of res judicata called collateral estoppel, or estoppel by judgment.” Rule 13, A.R.Civ.P., commentary.

. We recognize, of course, that for res judicata purposes the parties need be only "substantially the same.” See, Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985).

. In Harper v. Regency Development Co., 399 So.2d 248 (Ala.1981), this Court held, based upon Rule 13(j), that by bringing a suit in the district court a party necessarily destroyed its right to claim on appeal to the circuit court an amount in excess of the district court’s jurisdiction.