RUSSELL, Judge.
Dr. Max Moody III petitions for a writ of mandamus directing the circuit court to grant his motion for partial summary judgment to limit Robert Lee Sanders’s recovery to $1,500 on a medical malpractice counterclaim filed in the small claims court.
The following facts are asserted in the petition for mandamus:
On May 14, 1990, Dr. Moody, a licensed dentist practicing in Tuscaloosa, filed a complaint against Sanders in the Small Claims Court of Tuscaloosa County, seeking $280 allegedly due and owing for dental treatment rendered in September 1989. Sanders filed an answer of denial and a counterclaim alleging medical malpractice against Dr. Moody. As required for allegations of medical liability, the counterclaim did not contain an ad damnum clause, but instead contained a general claim for relief. See § 6-5-483, Ala.Code 1975. It is undisputed that Sanders’s counterclaim arose out of the same transaction forming the basis of Dr. Moody’s claim.
The small claims court heard the case and rendered a judgment for Dr. Moody on his claim in the amount of $180 plus costs. Further, the court found for Sanders on his counterclaim, awarding him damages of $1,500, the jurisdictional limit of the small claims court. See § 12-12-31, Ala.Code 1975.
On August 15, 1990, Sanders filed notice of appeal to the circuit court for a trial de novo as to the $180 judgment rendered against him on Dr. Moody’s claim. On August 17, 1990, Dr. Moody filed notice of appeal to the circuit court as to the $1,500 judgment rendered against him on Sanders’s counterclaim. Thereafter, on July 21, 1992, Dr. Moody filed a motion for partial summary judgment, requesting that the circuit court limit Sanders’s possible recovery on appeal to the $1,500 jurisdictional limit of the small claims court.
On September 24, 1992, the circuit court denied Dr. Moody’s motion, citing an ambiguity created by the application of Rule 13(dc), Alabama Rules of Civil Procedure, in conjunction with § 6-5-483 of the Code, which requires elimination of ad damnum clauses in complaints alleging medical malpractice. Rule 13(dc) modifies Rule 13(a)(4), A.R.Civ.P., “so as to excuse the pleader from asserting a compulsory coun *30 terclaim when the claim is beyond the jurisdiction of the district courts.”
The circuit court's denial of Dr. Moody’s motion resulted in this petition for mandamus.
Because the parties' complaint and counterclaim were filed on the small claims docket of the district court, the small claims court will hereinafter be referred to as the district court where appropriate. We note that the Alabama Rules of Civil Procedure, as modified for applicability in the district courts, are applicable to small claims court cases where the Rules of Civil Procedure as modified are not inconsistent with Small Claims Rules A through N. See Rule N, Alabama Small Claims Rules; § 12-12-11, Ala.Code 1975.
In his petition for mandamus Dr. Moody contends that Sanders’s possible recovery on de novo appeal should be restricted to the jurisdictional amount of the small claims court because Sanders willingly limited his damages to $1,500 by asserting his malpractice counterclaim in the lower court. Sanders responds that he had no choice but to assert his counterclaim in the small claims court because the counterclaim was compulsory and because § 6-5-483 required an open-ended ad damnum clause, which prevented application of the compulsory counterclaim exception provided for by Rule 13(dc), A.R.Civ.P. Sanders maintains that he should not be penalized for asserting the counterclaim when he did.
We first agree with the circuit court that in situations similar to the instant case, the interaction of Rule 13(dc) with § 6-5-483 could create uncertainties for a party wishing to assert a compulsory counterclaim that alleges medical malpractice. We point out, however, that although Sanders’s counterclaim might otherwise be compulsory, he was not required to assert his counterclaim in the action that Dr. Moody initiated in the district court if he intended to request damages “beyond the jurisdiction of the district courts.” Rules 13(a)(4) and (dc), A.R.Civ.P. Instead, Sanders could have brought his malpractice claim as an original action in the circuit court. See Owens v. Huffstetler College, 567 So.2d 1231 (Ala.1990).
Nevertheless, the essential question for this court is whether the circuit court was correct in denying Dr. Moody’s motion for partial summary judgment. The answer to that question emerges from and is revealed by Rule 13(j), A.R.Civ.P., which provides in pertinent part as follows:
“If the plaintiff appeals a case to the circuit court from a lower court and obtains a trial de novo in the circuit court, the plaintiff shall be limited in the amount of his recovery to the jurisdictional amount that could have been claimed and recovered in the lower court, unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court. If a defendant appeals to the circuit court from a judgment rendered by a lower court, the plaintiff in the circuit court on a trial de novo shall be permitted to claim and recover the full amount of its claim even though the amount might exceed the jurisdiction of the lower court.” (Emphasis added.)
The Committee Comments to Rule 13(j) explain the need for this provision as follows:
“The last sentence of Rule 13® provides that when a defendant appeals a case from a lower court to the circuit court and obtains a trial de novo, the plaintiff then could recover an amount in excess of the jurisdiction of the lower court. In many cases, in order to bring the case in one of the lower courts, a plaintiff will waive a portion of his claim for a quick and inexpensive trial. The defendant then appeals the case to the circuit court often for the purpose of delaying the collection of the judgment well knowing that there is a lid on the amount of the plaintiff’s recovery. In such cases, the plaintiff will be entitled to claim and recover the full amount of his damages in the circuit court. Such a rule, no doubt, would prevent many cases from being appealed to the circuit court either for the purpose of delay only or for the purposes of securing a second trial knowing that he has all to gain and nothing to lose by so doing.”
Here, although Dr. Moody was the plaintiff on the original complaint in the small *31 claims court and Sanders the defendant, Dr. Moody was in the posture of defendant on the counterclaim asserted by Sanders. When Dr. Moody, as counterclaim defendant, chose to appeal to the circuit court from the small claims court’s $1,500 judgment for Sanders, he subjected himself to the provisions of Rule 13(j), and in so doing, he incurred the risk that Sanders, as counterclaim plaintiff, would claim and recover damages in the circuit court in excess of the small claims court’s jurisdictional amount. Prescott v. Furouzabadi, 485 So.2d 707 (Ala.1986); Hardy v. Tabor, 369 So.2d 559 (Ala.Civ.App.), aff'd, 369 So.2d 561 (Ala.1979).
Thus, after applying Rule 13(j) to the facts in the instant case, we conclude that the circuit court correctly denied Dr. Moody’s motion for partial summary judgment.
A writ of mandamus is an extraordinary remedy and will not issue where the petitioner has no clear legal right to the order sought. Ex parte Adams, 514 So.2d 845 (Ala.1987).
In view of the foregoing, Dr. Moody’s petition for a writ of mandamus is denied.
WRIT DENIED.
ROBERTSON, P.J., and THIGPEN, J., concur.