YATES, Judge.
B & J Embroidery and Monogram Company (“B & J”) sued Charlotte Graphics, Inc., in the district court, seeking $4,951.16 for goods and services rendered on open account. Charlotte Graphics answered and counterclaimed, alleging a breach of contract by B & J for “failing to use due care and perform in a workmanlike manner,” and seeking “damages in an amount within the jurisdictional limits of [the district court] over and above any damages” that B & J claimed.
The district court heard the ease and entered a judgment for B & J for $3,500 and costs. It also entered a judgment for B & J on the counterclaim. Charlotte Graphics appealed to the circuit court for a trial de novo, and thereafter amended its counterclaim, seeking $29,630.60 in damages — an amount in excess of the jurisdiction of the district court.
The circuit court, after hearing ore tenus evidence, entered a judgment for Charlotte Graphics on B & J’s original claim and a judgment for Charlotte Graphics on its counterclaim, in the amount of $7,500 and costs. On B & J’s post-judgment motion, the circuit court reduced the judgment to $6,000. B & J appeals and Charlotte Graphics cross-appeals.
The dispositive issue on appeal is whether the award of damages to Charlotte Graphics was limited to the jurisdictional amount of the district court, where its original counterclaim was filed.
“When a counterclaim or cross-claim is asserted by a defendant in an appealed case, the defendant shall not be limited in amount to the jurisdiction of the lower court but shall be permitted to claim and recover the full amount of its claim irrespective of the jurisdiction of the lower court. If the plaintiff appeals a case to the circuit court from a lower court and obtains a trial de novo in the circuit court, the plaintiff shall be limited in the amount of his recovery to the jurisdictional amount that could have been claimed and recovered in the lower court, unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court. If a defendant appeals to the circuit court from a judgment rendered by a lower court, the plaintiff in the circuit court on a trial de novo shall be permitted to claim and recover the full amount of its claim even though the amount might exceed the jurisdiction of the lower court.”
Rule 13®, Ala.R.Civ.P.
B & J relies on Ex parte Moody, 620 So.2d 28 (Ala.Civ.App.1993), for the proposition that although Charlotte Graphics was a defendant in the original action, it was in the posture of a plaintiff in its counterclaim. In Moody, a dentist sued a patient in small claims court, seeking money allegedly owed for dental treatment. The patient counterclaimed, alleging medical malpractice. The *933 court found for the patient on his counterclaim, awarding him damages of $1,500, the jurisdictional limit of the small claims court. The dentist appealed to the circuit court and thereafter moved for the entry of a partial summary judgment, requesting the circuit court to limit the patient’s recovery on appeal to the $1,500 jurisdictional limit of the small claims court. The circuit court denied the motion; the dentist petitioned for a writ of mandamus. This court upheld the circuit court’s action, reasoning:
“[Although Dr. Moody was the plaintiff on the original complaint in the small claims court ... [he] was in the posture of defendant on the counterclaim asserted by [the patient]. When Dr. Moody, as counterclaim defendant, chose to appeal to the circuit court from the small claims court’s $1,500 judgment ..., he subjected himself to the provisions of Rule 13(j), and in so doing, he incurred the risk that [the patient], as counterclaim plaintiff would claim and recover damages in the circuit court in excess of the small claims court’s jurisdictional amount.”
Id. at 30-31 (emphasis in original). In the present case, however, Charlotte Graphics was a defendant and counterclaim plaintiff in the district court action. Also, unlike the dentist in Moody, Charlotte Graphics, as the party appealing from the district court decision, was not seeking to limit the amount the other party could recover. Therefore, on appeal to the circuit court, Charlotte Graphics was allowed to amend its counterclaim, increasing the amount it sought to recover from B & J.
B & J raises two other issues on appeal: (1) whether the circuit court abused its discretion in allowing, over its objection, expert testimony; and (2) whether the circuit court abused its discretion in admitting evidence that Charlotte Graphics refused to produce to B & J before the trial. Because B & J cites no authority to support its arguments as to either of these issues, this court will not address them. Rule 28, Ala. R.App.P. “[T]his court will address on appeal only those issues presented and for which supporting authorities have been cited to the court. Failure by an appellant to argue an issue in its brief waives that issue and precludes it from consideration on appeal.” Messer v. Messer, 621 So.2d 1343, 1344 (Ala.Civ.App.1993) (citations omitted).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.