MONROE, Judge.
John R. Roberts, Jr., sued his ^sister; GoldKist, Inc.; and Agvestments, Inc., seeking damages based on alleged forgery and fraud regarding ownership of certain investment vehicles called “certificates of interest.” His mother, Mary Sue Roberts, then filed a separate action against John, GoldKist, and Agvestments seeking a judgment declaring that the money invested in those certificates of interest was solely her property and asking the trial court to order the corporate defendants to surrender to her the proceeds of the certificates of interest they had issued that carried both her name.and John’s name. According to the case action summary sheet, the actions were consolidated; • nothing in the order limits the consolidation to a specific purpose, such as consolidation for discovery only or for trial only.
John and Mary Sue each moved for a summary judgment on Mary Sue’s claim for a declaratory judgment. The trial court entered a summary judgment in favor of John, holding that the certificates of interest at issue were the joint property of John and Mary Sue with right of survivor- *1224 ship, and that Mary Sue’s attempt to divest John of his ownership was improper.
Mary Sue appealed to this court, which remanded the case to the circuit court for Rule 54(b), Ala. R. Civ. P., certification and an order in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). On remand, the circuit court stated that the summary judgment already entered determined all issues in Mary Sue’s declaratory judgment action. Therefore, the court said, it was declaring the judgment final pursuant to Rule 54(b). The circuit court continued with its order, writing, “This Court offers its apology to the Court of Appeals for failing to list the factors considered; however, it was under the impression that this was required only for interlocutory appeals.”
According to the record before us, Mary Sue owned several certificates of interest in Agvestments. After her husband, John Roberts, Sr., died, Mary Sue decided that she wanted to set up her certificates so that during her lifetime she could use the money earned from them; however, she wanted the certificates to pass upon her death to her three children without the need to probate her estate. To this end, she divided her investments into three accounts and to each account added the name of one of her children.
Years later, John sued Mary Sue and her other two children in regard to real property that had belonged to Mary Sue and John Roberts, Sr. When John filed the lawsuit, Mary Sue decided that she would remove his name from any certificates of interest because, she said, she did not want the certificates to pass to him upon her death. When one of the certificates bearing John’s name matured, Mary Sue directed GoldKist to reissue it without John’s name. She intended to do the same thing with a second certificate of interest bearing John’s name; however, before that certificate matured, John instructed Agvestments not to remove his name. In her action, Mary Sue contends that she is the sole owner of the certificates of interest. The record on appeal does not contain the complaint filed in John’s action, but it appears from the parties’ briefs that he claims that GoldKist acted fraudulently when it removed his name from one of the certificates of interest at Mary Sue’s request. We note that, from the record, we cannot determine the relationship between GoldKist and Agvestments.
Based on the record before us, it appears that, pursuant to Rule 19, Ala. R. Civ. P., Mary Sue is an indispensable party in John’s action. Furthermore, because the causes of action arise out of the same transaction or occurrence, Mary Sue’s claims should have been filed as a compulsory counterclaim rather than in a separate action. Rule 13(a), Ala. R. Civ. P. “The whole concept of compulsory counterclaims is that all issues between litigants should be resolved in one action rather than in two or three.” Owens v. Huffstetler College, 567 So.2d 1231, 1235 (Ala.1990). “Clearly, two separate suits should not litigate the same issues between the same parties, but the proper procedure to prevent such an occurrence would be for the trial court to order a consolidation of the actions.” Id. ■
The trial court took the necessary step of consolidating these parties’ separate actions. It then defeated the purpose of consolidation in this case by entering a summary judgment against Mary Sue’s request for a declaratory judgment, which presented an issue inextricably intertwined with John’s action. Thus, this summary judgment could not properly be certified as final pursuant to Rule 54(b). Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987). Furthermore, the summary judgment entered by the trial court fails to mention GoldKist and Agvestments, both of whom were named as defendants in Mary Sue’s action for a declaratory judgment.
Because there are still claims pending in this case and the Rule 54(b) certification is *1225 ineffective, there is no final judgment from which to appeal. Therefore, the appeal is dismissed.
APPEAL DISMISSED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result only.